494 P.2d 389

**DOCTORS HOSPITAL, INC., Appellant,**

v.

**John KOVATS, Appellee.**

**No. 1 CA-CIV 1611.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 8, 1972.

Rehearing Denied March 22, 1972.

Review Denied May 23, 1972.

Jack Anderson and A. Jerry Busby, Phoenix, for appellant.

Pain & Julian by Fred J. Pain, Jr., Phoenix, for appellee.

CASE, Judge.

John Kovats, appellee herein and plaintiff in the trial court, brought suit against Doctors Hospital, Inc., appellant, and Dr. Paul A. Johnson, seeking to recover damages for personal injuries which he allegedly sustained while a patient at Doctors Hospital. During the course of the trial, a motion for directed verdict was granted in favor of Dr. Johnson. The case was tried to a jury which returned a verdict in favor of Kovats and against Doctors Hospital, Inc. in the sum of $4,500. After a denial of its motion for judgment notwithstanding verdict and motion for new trial, Doctors Hospital, Inc. lodged this appeal. The parties will be referred to as they appeared in the trial court.

The facts are as follows:

On 27 September 1967 the plaintiff was admitted to Doctors Hospital for the purpose of undergoing prostate surgery. His admitting physician was Dr. Johnson. Plaintiff shared a room with one George Brown who coincidentally was a patient of Dr. Johnson. The record reflects that both men were over seventy years of age.

The hospital records reflect that Brown was suffering from "a generalized arteriosclerosis and psychoneurosis of undetermined origin" and was "very depressed and the functional psychoneurosis or depressive reaction from age and a chronic brain syndrome certainly must be entertained." On admittance, Dr. Johnson had prescribed that Brown be placed in soft restraints to

keep him from falling out of bed and injuring himself. This restraint was to be accomplished by a device known as a posey belt which consists of webbing secured by a lock, the key to which is kept by a nurse. Under such instructions, the nurses may, in their own judgment, release the patient for various reasons, such as taking a shower or eating.

The testimony reflects that on the morning of 29 September 1967 Brown was placed in the posey belt at 4:30 a. m. and at 6:00 a. m. he slipped out of the restraints and hit John Kovats over the head with a chair. As a result of this incident, Mr. Kovats sustained an injury to the scalp and an aggravation of a pre-existing arthritic condition of the neck.

Defendant raises two issues.

1. Plaintiff failed to establish the standard of care for the hospital and failed to prove a deviation from that standard by expert medical testimony.

2. The trial court erred in its refusal to give certain requested instructions.

We will address ourselves to these issues in the order presented.

Defendant argues that in a medical malpractice case the burden is on the plaintiff to establish a standard of care and to prove a deviation from that standard by expert medical testimony unless the deviation is of such gross negligence as to be readily apparent to a layman, citing Boyce v. Brown, 51 Ariz. 416, 77 P.2d 455 (1938). This is not a correct statement of the law. The rule properly stated is that:

The burden is on the plaintiff to establish a standard of care and to prove a deviation from that standard by expert medical testimony *unless the deviation is so grossly apparent that a layman would have no difficulty in recognizing it.*

A review of the record leads us to conclude that there was a deviation from the proper standard which was so grossly apparent that a layman would have no difficulty in recognizing it and there was sufficient evidence to go to the jury to determine whether or not the defendant was negligent.

From the date of his admission, Brown demonstrated quite clearly that he was confused and disoriented. The nurse's notes indicated that on at least five occasions he extricated himself from the posey belt; he appeared confused; he was caught leaving by the back door and he became very hostile when he was brought back to his room. While it is true that a hospital is not an insurer of the safety of its patients, it seems rather obvious in this case that the hospital was put on notice as to the potential dangers that might arise from Brown's actions, not only the risk to himself but likewise the potential risk of harm to others.

Dr. Johnson testified that it was the nurse's duty to apply the posey belt and if it had been properly applied the patient would not have been able to slip his restraints. Both Dr. Johnson and Dr. Maier Tuchler, who was called as an expert witness by plaintiff, indicated that they had never seen anyone escape from a posey belt. This testimony, coupled with the fact that Brown repeatedly escaped from restraint, is in our opinion sufficient evidence upon which the jury could find the defendant was negligent.

Defendant next complains of the refusal of the trial court to give certain requested instructions dealing with its standard of care. While a review of these instructions might be academically interesting, we do not feel that it is necessary for a determination of the issues herein involved in light of our disposition of the issue of standard of care. It appears upon review of the entire record that substantial justice has been done.

Judgment is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.