Allentown State Hospital, et al., Petitioners *v.* Eileen E. Gill, Respondent.

Argued January 30, 1985, before president Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Victor R. Stabile*, with him, *Michael E. Kosik*, Deputy Attorney General, and *LeRoy S. Zimmerman*, Attorney General, for petitioners.

*Terry S. Hyman, Angino & Rovner, P.C.*, for respondent.

OPINION BY JUDGE ROGERS, March 22, 1985:

This case is a companion to *Gill v. Northampton County, et al.*, 88 Pa. Commonwealth Ct. 327,     A.2d     (1985). It is an interlocutory appeal, by permission pursuant to 42 Pa. C.S. §702(b), from an order of the Court of Common Pleas of Northampton County refusing motions for judgment on the pleadings made by the Allentown State Hospital and three of its employees, Doctors Guzman, Jain and Durka (appellants).

On August 10, 1980, the appellee, Eileen Gill, was assaulted by Arthur Metzer, a former patient of the Allentown State Hospital. The appellee filed complaints in trespass against the Allentown State Hospital, Doctors Guzman, Jain and Durka, and a number of local agencies, two of which are the subject of the appeal at 14 T.D. 1984, alleging that Arthur Metzer had been negligently released and supervised by the several defendants. Answers and New Matter were filed denying the averments of the appellee's complaint and raising defenses of sovereign and governmental immunity. Thereafter, the Allentown State Hospital and Doctors Guzman, Jain and Durka, its employees, filed motions for judgment on the pleadings.

The trial court denied the motions concluding that the state had waived its sovereign immunity by 42 Pa. C. S. §8522(b)(2). The Allentown State Hospital and Doctors Guzman, Jain and Durka have appealed.

Section 8522 provides as follows:

Liability Imposed—*The General Assembly,* pursuant to Section 11 of Article I of the Constitution of Pennsylvania, *does hereby waive,* in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), *sovereign immunity as a bar to an action* against Commonwealth parties, *for damages arising out of a negligent act where the damages would be recoverable under the common law* or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

. . . .

(b) Acts which may impose liability—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(2) Medical-professional liability.—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel. (Emphasis supplied.)

The appellants contend that this waiver of immunity for medical professional liability was intended to apply only to direct consumers of medical services provided by Commonwealth institutions and personnel and not to actions for injuries to third persons.

When the words of a statute are clear and free of ambiguity, the letter of the statute may not be disregarded under the pretext of pursuing its spirit. 1 Pa. C. S. §1921(b); *In re Estate of Fox*, 494 Pa. 584, 431 A.2d 1008 (1981). Here, the Legislature having waived sovereign immunity as a bar to actions for negligent acts where damages would be recoverable at common law, we need only to ascertain whether damages for the negligent acts here alleged would be recoverable under the common law. If so, immunity has been waived.

Section 319 of the Restatement (Second) of Torts states the common law as:

One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control

the third person to prevent him from doing such harm.

In a concurring opinion in the case *Vattimo v. Lower Bucks Hospital, Inc.,* 502 Pa. 241, 258, 465 A.2d 1231, 1240 (1983), Chief Justice Nix, citing Section 319, wrote:

> Under well established precedent, if the plaintiff produces sufficient evidence to demonstrate the mental condition of [the patient] warranted the duty asserted, *the hospital would clearly be responsible for injury to the person or property of third parties where such injury resulted from the hospital's negligent failure to meet its responsibilities.* See, *e.g.,* Rhines v. Henzel, 481 Pa. 165, 392 A.2d 298 (1978); Semler v. Psychiatric Institute of Washington, D.C., 538 F. 2d 121 (4th Cir.), *cert. denied,* 429 U.S. 827, 97 S. Ct. 83, 50 L.Ed. 2d 90 (1976); Rum River Lumber Co. v. State, 282 N.W. 2d 882 (Minn. 1979); Doctors Hospital, Inc. v. Kovats, 16 Ariz. App. 489, 494 P.2d 389 (1972); Annot., 48 A.L.R. 3d 1228 (1973); Restatement (Second) of Torts §319 & comment (a), illus. (2) (1965) (Footnote omitted.) (Emphasis supplied.)

In *Evanuik v. University of Pittsburgh Western Psychiatric Institute and Clinic,* 234 Pa. Superior Ct. 287, 338 A.2d 636 (1975), the administratrix of a decedent's estate brought a wrongful death and survivor's action against WPIC charging it with failure properly to supervise a mental patient who left the hospital and shot and killed plaintiff's decedent. The Superior Court held that the question of WPIC's negligence had been properly submitted to the jury. In a similar vein, the Superior Court, in *Coath v. Jones,* 277 Pa. Superior Ct. 479, 419 A.2d 1249 (1980), held that the owner of an electronic service company might be held lia-

ble for injuries to third persons caused by a former employee if the owner knew or should have known that the employee had a propensity for violence and that the duties of his employment were such that he might meet persons whom he might later harm.

We are mindful that in *Cameron v. Commonwealth,* Pa. Commonwealth Ct. No. 1964 C.D. 1979 (filed February 13, 1980), a matter brought in our original jurisdiction, a hearing judge of this court held that the waiver of sovereign immunity for health care extends only to consumers of Commonwealth services. This order is of course not binding upon the court. Our analysis of the statute and the relevant cases compels us to conclude that *Cameron* should not be followed.

Order affirmed.

### Order

And Now, this 22nd day of March, 1985, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.

Judge Palladino dissents.

Judge Williams, Jr., did not participate in the decision in this case.