Sara Sid Yellen, Appellant *v.* Philadelphia State Hospital, Appellee.

Submitted on briefs December 9, 1985, to Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ronald A. Kovler,* for appellant.

*Gary Stewart Seflin,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 3, 1986:

Sara Sid Yellen, Appellant, appeals here an order of the Court of Common Pleas of Philadelphia County which sustained the preliminary objections of the Philadelphia State Hospital and dismissed her personal injury action against the hospital on the grounds of sovereign immunity. We reverse.

The following facts are pertinent. On July 13, 1982, Yellen was assaulted by one Walter Parker on the corner of Seventeenth and Chestnut Streets in Philadelphia as a result of which she sustained serious injuries. Parker had allegedly been a patient at Philadelphia State Hospital where he had been undergoing treatment for mental illness but was supposed to have been released from the hospital some time prior to this incident. Yellen commenced a civil action against the hospital in common pleas court alleging that the hospital was negligent in its supervision and release of Parker into the community when it knew or should have known of his violent tendencies and that he con-

stituted a danger to the community. The hospital filed preliminary objections to the complaint in the nature of a demurrer in which it raised the bar of sovereign immunity. The common pleas court sustained the demurrer and dismissed the complaint as barred by sovereign immunity. Yellen has filed a timely appeal from that order.

·In ·this appeal the sole issue for our determination is whether Yellen's cause of action comes within the medical-professional liability exception to sovereign immunity set forth in Section 8522(b)(2) of the Judicial Code, 42 Pa. C. S. §8522(b)(2). This precise issue was recently decided by this Court in the case of *Allentown State Hospital v. Gill*, 88 Pa. Commonwealth Ct. 331, 488 A.2d 1211 (1985) (en banc opinion), *allocatur denied*, 472 E.D. Allocatur Docket 1985 (October 15, 1985), in which we held that the Commonwealth had waived its sovereign immunity by 42 Pa. C. S. §8522(b)(2) for such cases. In *Allentown State Hospital*, the plaintiff was assaulted by a former patient of the hospital whom she alleged that the hospital negligently released and supervised, the exact same allegations present here. There, we construed 42 Pa. C. S. §8522(b)(2) as allowing actions against the Commonwealth for negligent acts where damages would be recoverable under common law. We also note Chief Justice Nix's concurring opinion in *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983), ·wherein the Chief Justice cited Section 319 of the Restatement (Second) of Torts for the proposition that ·where sufficient evidence is produced to demonstrate the mental condition of the patient warranted the duty asserted, *the hospital would clearly be responsible for injury to the person or property of third parties where such injury resulted from the hospital's negligent failure to meet its responsibilities.* (Emphasis added.) 502 Pa. at 258, 465 A.2d at 1240. *See also Allentown State Hospital,*·88 Pa. Commonwealth Ct. at 335, 488

A.2d at 1213. In view of our decision in *Allentown State Hospital,* the common pleas court erred when it held that Yellen's action was barred by sovereign immunity and its order sustaining the demurrer of Philadelphia State Hospital and dismissing Yellen's complaint must be reversed.

### ORDER

Now, February 3, 1986, the Order of the Court of Common Pleas of Philadelphia County at Docket No. 686, July Term 1984, dated October 22, 1984, which sustained the preliminary objections of Philadelphia State Hospital and dismissed the complaint of Sara Sid Yellen, is hereby reversed and the matter is remanded to said court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge PALLADINO dissents.