## Persik v. Nationwide Mutual Insurance Company

*Lee C. Swartz,* for plaintiff.
*Jonathan M. Crist,* for defendant.

NATALE, *J.,* December 7, 1987—The facts in this case are not in dispute. On July 20, 1985, plaintiff, Julia C. Persik, was injured in an automobile accident in Cumberland County. Plaintiff's vehicle was covered under an automobile insurance policy issued to her by defendant Nationwide Mutual Insurance Company. At the time of the accident, plaintiff was not employed. However, she was actively seeking full-time employment because of financial difficulties due to a recent separation from her spouse. From the time of the accident to the present, plaintiff has been unable to seek gainful employment because of her injuries.

Plaintiff's last employment before the accident was a temporary position as a receptionist. Thus, she had been continuously unemployed for 12 months prior to the accident. Nevertheless, plaintiff applied for income-loss benefits under her policy pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, Act of February 12, 1984, P.L. 26, 75 P.S. §1701, et seq. Defendant rejected

plaintiff's claim. Subsequent to that rejection, plaintiff filed this action. After responsive pleadings were filed and discovery initiated, defendant Nationwide filed a motion for summary judgment which is before this court for disposition. For the reasons stated below, we grant the motion submitted by defendant.

The sole question in this case is whether plaintiff is entitled to receive income-loss benefits under the Financial Responsibility Law. The relevant section of that law provides:

"§1712 Availability of Benefits.

"An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, . . . shall make available for purchase first party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows:

• • •

"(2) Income loss benefit. — Includes the following:

"(i) *Eighty percent of actual loss of gross income.*" 75 Pa.C.S. §1712 (emphasis added).

The moving defendant's argument is simple. It claims that plaintiff is not entitled to any income-loss benefits under the Financial Responsibility Law because she was not employed at the time of the accident. In other words, plaintiff does not qualify for benefits since she has not sustained an *actual loss of gross income* as prescribed by section 1712(2)(i) of the law. Plaintiff argues that she has indeed sustained an *actual loss.* She contends that the test for determining what is *actual loss of gross income* is a *but for* test; if a plaintiff could establish that he or she *would* have earned income *but for* the fact of the accident, work-loss benefits were payable.

The Financial Responsibility Law is a relatively new law that essentially replaced the Pennsylvania Motor Vehicle No-fault Insurance Act, Act of July 19, 1974, P.L. 489, 40 P.S. §101, et. seq. (repealed, 1984). Despite its repeal, the No-fault Act was an attempt to provide the commonwealth with a statewide system of prompt and adequate basic-loss benefits for motor vehicle accident victims. See 40 P.S. §1009.102(b) (repealed, 1984). We view the enactment of the Financial Responsibility Law as a continuation of that spirit. While the spirit of the old No-fault Act and the new Financial Responsibility Law may be the same, the letter of the legislation has changed. The old No-fault Act provided three categories for determining work-loss benefits. The amount of work-loss benefits an accident victim could receive was calculated differently based on whether the individual was regularly employed, seasonally employed or not employed. See 40 P.S. §1009.205(a), (b), (c) (repealed, 1984). The new Financial Responsibility Law does not make those distinctions. It contains one, clear, succinct statement as to how much one may recover for loss of work income: *80 percent of actual loss of gross income.* 75 Pa.C.S. §1712 (2)(i).

When the words of a statute are clear and free from ambiguity, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. *Cook v. Travelers Insurance Co.,* 350 Pa. Super. 467, 504 A.2d 935 (1986); *Allentown State Hospital v. Gill,* 88 Pa. Commw. 331, 488 A.2d 1211 (1985). It is clear that the spirit of the law is to *provide* benefits rather than *deny* them. However, it is also clear that the General Assembly has made a conscious decision to exclude those individuals who are not receiving an income from recovering income-loss benefits. Otherwise, the General Assembly could

have used the word *potential* or *future* instead of *actual* in describing the type of loss recoverable.

We cannot conceive how an individual who has been continuously unemployed for 12 consecutive months prior to an accident can sustain an *actual loss of gross income*. Therefore, with no factual issues in dispute, defendant's motion for summary judgment is granted.

## ORDER

And now, this December 7, 1987, defendant's motion for summary judgment is hereby granted.