## Wootson v. Kaiserman Enterprises L.P.

*Rodger L. Mutzel,* for plaintiffs Tiffany Wootson, Gina Wootson, Karen Wootson and Ilrania Wootson.

*Francis J. Curran,* for plaintiff George Cosmen.

*Francis L. Sbandi,* for plaintiffs Fidelity Bank and Grace J. Trout.

*Nelson J. Sack,* for plaintiff Holly Ann Morton.

*Charles Lutz,* for plaintiffs Antoinette A. Ferrara.

*Robert G. Bauer,* for plaintiff Ruth Douglas.

*Theodore J. Chylack, deputy attorney general,* for defendant Haverford State Hospital.

LEVY, *J.,* August 24, 1989 — These actions arise out of an event occurring on October 30, 1985, when Sylvia Seegrist shot several persons in the Springfield Mall, resulting in the deaths of three of them and the wounding of several others. Plaintiffs began these actions against the owners of the mall and several other defendants, alleging that the injuries and deaths were caused by variously described acts of negligence on the part of defendants. Defendant Commonwealth of Pennsylvania, on behalf of Haverford State Hospital, has filed a motion for summary judgment contending, inter alia, that it is immune from liability for the actions alleged in plaintiffs' complaints by virtue of the Mental Health

Procedures Act, July 9, 1976, P.L. 817; 50 P.S. §7107 et seq. For the reasons set forth in this opinion, we have concluded that Haverford State Hospital is immune from liability, and we grant the commonwealth's motion for summary judgment.

The immunity provisions of the Mental Health Procedures Act are contained in section 114, 50 P.S. §7114, and state in pertinent part as follows:

"(a) In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this act, or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences . . . "

The commonwealth contends that plaintiffs' allegations concerning the conduct of Haverford State Hospital fall squarely within the parameters of the foregoing language, and that the hospital is, thereby, rendered immune from liability.

Initially, we note that a hospital has been held to be a "person" within the meaning of section 7114 and thus is included among those to whom the immunity provisions apply. *Farago v. Sacred Heart General Hospital,* 365 Pa. Super. 1, 528 A.2d 986 (1987), aff'd. 562 A.2d 300 (1989). Accordingly, the immunity provisions of the Mental Health Procedures Act are applicable to Haverford State Hospital. It, therefore, remains only to be determined if the acts alleged by plaintiffs to have been committed by

the hospital are of the nature contemplated by the immunity provisions of the statute and, if so, whether or not those acts reasonably can be viewed as constituting willful misconduct or gross negligence so as to remove them from the immunity provided by the section.

A review of the immunity section of the act establishes that a person "who participates in a decision that a person . . . be discharged, or placed under partial hospitalization, outpatient care or leave of absence . . . shall not be civilly or criminally liable for such decision *or for any of its consequences.*" (emphasis supplied) The actions of Haverford State Hospital which plaintiffs allege caused the deaths and injuries in these cases involved either the decision to release Sylvia Seegrist from its care or various consequences of that decision. Giving the words of the statute their ordinary meaning, it appears that the actions alleged by plaintiffs on the part of Haverford State Hospital fall within the parameters of the immunity section of the act.

Plaintiffs contend, however, that section 7114 provides immunity only in the limited circumstances where a patient of a mental health care facility is victimized by malpractice in the hospital or clinic setting, and that it does not apply to situations, such as that involved in the instant cases, where the causes of action are premised upon injuries to persons allegedly caused by the negligent release or supervision of a patient. We are of the opinion that plaintiff's narrow and extremely restrictive interpretation of this statutory provision disregards the plain meaning of the words in the act. When the words of a statute are clear and unambiguous, as we find to be the case with section 7114, the letter of the staute should not be disregarded under the pretext of pursuing its spirit; rather, the statute must be

given its plain and obvious meaning. *AFSCME, AFL-CIO v. Commonwealth of Pennsylvania,* 111 Pa. Commw. 81, 533 A.2d 785 (1987). In applying this rule of statutory construction to section 7114, we are convinced that the actions alleged by plaintiffs to have been committed by Haverford State Hospital fall within the immunity provided by that section.

We further conclude that plaintiffs' reliance upon *Yellen v. Philadelphia State Hospital,* 94 Pa. Commw. 576, 503 A.2d 1108 (1986), and *Allentown State Hospital v. Gill,* 88 Pa. Commw. 311, 488 A.2d 1211 (1985), in support of their contention that the immunity section of the Mental Health Procedures Act is inapplicable in these cases, is misplaced. While admittedly both *Yellen* and *Allentown* involved situations where persons were assaulted by former patients of mental health care facilities, and both cases were decided after the effective date of the Mental Health Procedures Act, the issue of the applicability of the act's immunity section apparently was never raised in either case. Accordingly, the holdings in both *Yellen* and *Allentown* are inapposite and do not control the disposition of the immunity issue raised by the commonwealth in the motion now before the court.

Having determined that the immunity provisions of the Mental Health Procedures Act apply to Haverford State Hospital, and that the actions alleged by plaintiffs as the basis of the hospital's liability fall within the immunity issue raised by the act, we have only to consider whether or not the acts alleged by plaintiffs can reasonably be seen as rising to the level of willful misconduct or gross negligence so as to remove the hospital from the protection of the immunity provided. In previously ruling upon the commonwealth's preliminary objections to

plaintiffs' complaints, we concluded that plaintiffs' allegations against Haverford State Hospital, as a matter of law, do not rise above the level of ordinary negligence. (See our opinion of June 10, 1988, at 15.) Nothing has arisen or occurred in the time since we reached this conclusion to alter our opinion in any respect on this issue. We, therefore, find that plaintiffs' allegations do not rise to the level of willful misconduct or gross negligence, which is necessary to prevent the immunity provisions of the Mental Health Procedures Act from operating to the benefit of Haverford State Hospital.

Accordingly, we enter the following

## ORDER

And now, August 24, 1989, upon consideration of the motion for summary judgment filed by the Commonwealth of Pennsylvania on behalf of Haverford State Hospital, plaintiffs' answer thereto and the memoranda of law submitted by counsel, it is ordered that said motion shall be and the same hereby is granted and that summary judgment is entered in favor of Haverford State Hospital and against plaintiffs, Tiffany N. Wootson, a minor by her parent and natural guardian, Gina Wootson and Gina Wootson, individually; Mary Ann Gervasi and Frank Gervasi; Kareen Wootson, a minor, by her parent and natural guardian, Ilrania Wootson and Ilrania Wootson, individually; George Cosmen, administrator of the estate of Recife Cosmen, deceased and George Cosmen and Bianca Cosmen; individually, Fidelity Bank, executor of the estate of E. Earl Trout, deceased; Antoinette A. Ferrara, administrator of the estate of Augusto M. Ferrara, deceased and Antoinette A. Ferrara, individually; Holly Ann Morton; Ruth Douglas and Grace J. Trout.