TERPUTAC, J.,
In her motion in limine, plaintiff, Betty D’Amico, administratrix of the estate of Carmine D’Amico, deceased, asks the court to render a pretrial ruling that the standard of care owed by defendant, VFW Post 191 Volunteer Ambulance Association, is one of ordinary negligence.
This case arises out of the death of the decedent, Carmine D’Amico, when the VFW Post 191 Volunteer Ambulance Association responded to a call for emergency service at the D’Amico household. Defendant contends that under the Emergency Medical Services Act, the Act of July 3, 1985, P.L. 164, 35 P.S. §6921 et seq., not only are the technicians and paramedics immune from civil liability for ordinary negligence but also the entity or organization providing ambulance service is similarly protected.
Claiming that the act contains no limitation of liability in favor of an ambulance service, plaintiff has argued that the ambulance service should be held to the standard of care of ordinary negligence.
At the time the call was received, the ambulance crew of the service consisted of a paramedic and a *114 technician. Although the EMSA provides immunity from civil damages except for gross or willful negligence, the exculpatory section, 35 P.S. §6931(j), seems to address emergency medical technicians, EMT paramedics, and other health-care professionals, but it does not mention the ambulance service for whom the technicians and paramedics may work. Without delving into the peculiar phrase “willful negligence,” which seems to be an oxymoron, we hold that the intent of EMSA is to cover the ambulance service and insulate it from liability except for gross or willful misconduct.
Counsel have pointed to no cases on point in Pennsylvania and our research has found none. We agree with defendant, however, that the reasoning under Farago v. Sacred Heart General Hospital 365 Pa. Super. 1, 528 A.2d 986 (1987), and Werner v. Department of Public Welfare, 109 Pa. Commw. 314, 530 A.2d 1004 (1987), is persuasive. In Werner, the court rejected the plaintiff’s contention that the immunity extended only to the individuals actually named in the immunity section of the Mental Health Procedures Act. And in Farago, the Superior Court concluded that hospitals are entitled to immunity, even though hospitals are not specifically named in the section. The court said:
“As pointed out by the trial court, the Mental Health Procedures Act includes all treatment, full or part time, in a ‘facility,’ which means ‘any mental health establishment, hospital, clinic, institution. . .’ 50 P.S. §7103. That treatment must be administered by individuals who are granted the immunity mentioned in -50 P.S. §7114. It would be inconsistent, and indeed self-defeating, for the statute to allow immunity on the one hand, but to deny it on the other. The hospital does not act independently of its employees, and therefore, should not be *115 subjected to a different standard of care and liability than those employees.” 365 Pa. Super, at 5, 528 A. 2d at 988.
Under the Statutory Construction Act, 1 Pa.C.S. § 1928(c), the statute in question must be liberally construed to effect its objects and to promote justice. The only reasonable construction is that the EMSA has set up an emergency medical services system for statewide purposes. 35 P.S. §6922(B)(1). This legislative purpose is advanced by providing for immunity from civil liability for paramedics and technicians unless gross or willful misconduct is proved. Since ambulance services like hospitals do not act independently but only through their employees, the limitations on civil liability must properly apply to the ambulance service as well.
ORDER
And now, August 23, 1990, the motion in limine of the plaintiff, Betty D’Amico, administratrix of the estate of Carmine D’Amico, deceased, is denied. It is further ordered, adjudged, and decreed that the standard of liability under the Emergency Medical Services Act for the defendant, VFW Post 191 Volunteer Ambulance Association, is gross or willful negligence.