540 A.2d 976

Carol T. King and David A. King, Sr., her husband, Appellants *v.* Carol Breach; Edward Russek, M.D.; Dennis Philbin, individually and as Deputy Warden for Treatment Services for Dauphin County Prison; Dauphin County Prison; Stanley Mrozowski, individually and as Administrator of Dauphin County Mental Health and Mental Retardation Program; and Dauphin County Mental Health and Mental Retardation Program, Appellees.

356

Submitted on briefs November 17, 1987, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*David Fleming Taylor,* for appellants.

*Jay R. Braderman,* for appellees, Dennis Philbin and Dauphin County Prison.

*William A. Fetterhoff,* for appellees, Stanley Mrozowski; The Dauphin County Mental Health and Mental Retardation Program, and Edward Russek, M.D.

OPINION BY JUDGE BARRY, April 15, 1988:

Carol T. King and David A. King, Sr. (appellants) appeal from an order of the Court of Common Pleas of Dauphin County which granted summary judgment in favor of defendants Dennis Philbin (Philbin), Dauphin County Prison (Prison), Stanley Mrozowski (Mrozowski), and Dauphin County Mental Health and Mental Retardation Program (MH/MR Program).

Appellants filed a complaint against Philbin, Mrozowski, the Prison and the MH/MR Program, as well as Dr. Edward Russek (Dr. Russek) and Carol Breach (Breach) for damages as the result of injuries the wife-appellant allegedly sustained on October 3, 1983 at approximately 11:10 p.m. while carrying out her duties as a psychiatric nurse at Harrisburg State Hospital (Hospital). At that time, wife-appellant was in a room where medicines and medical equipment were stored, procuring a syringe to administer medication to Breach, when that individual, without warning or provocation, came in and assaulted her. Breach, on September 20, 1983, had been transferred to the Hospital from the Prison, where she had been confined since January 19, 1983. Her transfer to the Hospital had been ordered by the Court of Common Pleas of Dauphin County, acting upon a petition for involuntary commitment filed by Joseph J. Mullen, a counsellor at the Prison.

At the time of the assault, Breach was housed in a dormitory room, which she shared with five other patients, in the admissions ward of the psychiatric unit of the Hospital. She was free to leave this room at any time and move about most of that portion of the ward in which the female patients were housed and have contact

with hospital personnel and other patients. During her incarceration at the Prison, Breach, for much of the time, had been confined to a cell by herself, either for therapeutic purposes or to discipline her for, *inter alia,* assaults she had committed upon members of the prison staff.

It is alleged in the complaint that Philbin, who was Deputy Warden for Treatment Services at the Prison, and Mrozowski, who was County Administrator for the MH/MR Program, were familiar with Breach and her mental disorders; that, prior to Breach being transferred to the Hospital, they knew that she had a propensity to assault other persons and that, having such a propensity, she was a danger to others, as well as to herself; and that, prior to Breach's transfer, Philbin knew she had been placed in isolation at the Prison. The acts upon which liability is predicated against Philbin and the Prison, as employer of Philbin, as set forth in paragraph 43 of the appellants' complaint, are:

(1) permitting the transfer of Breach to the Hospital;

(2) failure to exercise reasonable care in the treatment of Breach;

(3) failure to provide an adequate community treatment program for Breach;

(4) failure to attach a detailed disclosure of the community treatment plan to the petition for involuntary treatment;

(5) failure to provide an adequate group therapy program for Breach at the Prison;

(6) failure to prescribe and/or recommend the level of security required for Breach at the Hospital;

(7) failure to provide treatment for Breach, who had been diagnosed as being both mentally ill and mentally retarded, at a facility for treatment of mentally retarded persons; and

(8) failure to coordinate the activities and conduct which were required of treating psychiatrists for inmates at the prison.

The acts upon which liability is predicated against Mrozowski and the MH/MR Program, as employer of Mrozowski, as set forth in paragraph 57 of appellants' complaint, are:

(1) permitting the transfer of Breach to the Hospital;

(2) failure to exercise reasonable care or oversee that proper care was administered in treating Breach;

(3) failure to oversee that an adequate community treatment program was provided for Breach;

(4) failure to follow-up or have his agents, employees, and/or forensic specialists, psychiatrists and/or psychologists, provide a detailed disclosure of the community treatment program;

(5) failure to oversee and/or implement an adequate group therapy program for Breach;

(6) failure to see, through his agents, employees, consultants, psychologists and/or psychiatrists, that a proper level of security was provided as to Breach;

(7) failure to recommend the appropriate forensic medical facility for in-patient psychiatric treatment and failure to see that Breach was treated at the proper facility; and

(8) failure to coordinate and/or administer the activities and conduct which were required of the treating psychiatrists, forensic specialists and/or agents of the MH/MR Program.

All of the above-mentioned acts are characterized by the appellants as willful misconduct and/or negligence.

Philbin and the Prison, by new matter, invoked the affirmative defenses of assumption of risk and contribu-

tory negligence by wife-appellant; official immunity and governmental immunity, as provided by Subchapter C of Chapter 85 of the Judicial Code (Subchapter C)[1]; and immunity pursuant to Section 114 of the Mental Health Procedures Act (Procedures Act).[2] In addition, it was alleged therein that any duty owed to wife-appellant was that of the Hospital and that any cause of action set forth in the complaint was against the Hospital. Mrozowski, Dr. Russek and the MH/MR Program filed a separate new matter raising the same affirmative defenses.

The appellants, in replying to these new matters, contended that Sections 8542(a)(2) and 8550 of Subchapter C authorized causes of action for crimes and willful misconduct; that Section 114 of the Procedures Act authorized suit against the appellees; that Section 8522(b) of Subchapter C authorized suit against the appellees, inasmuch as "they performed or failed to perform essential governmental functions, as opposed to municipal functions"; and that Sections 8541, 8542, 8545 and 8546 of Subchapter C and Section 114 of the Procedures Act are unconstitutional to the extent that they provide the appellees with immunity for the acts upon which liability against them was predicated.

Discovery, which consisted of interrogatories and requests for production of documents addressed to the appellees and the depositions of wife-appellant and Dr. Russek, followed. Thereafter, all of the appellees, with the exceptions of Breach, moved for summary judgment, claiming that they were immune from suit under Subchapter C because the acts upon which liability was predicated did not fall into one of the eight classes of exceptions to the general rule of immunity and because

---

[1] 42 Pa. C. S. §§8541-8564.

[2] Act of July 9, 1976, P.L. 817, *as amended*, 50 P.S. §7114.

the record failed to show that the individual defendants had engaged in willful misconduct.[3] Appellants opposed these motions, contending that Section 8550 of Subchapter C authorized suits against the moving parties on the basis of willful misconduct; that Section 114 of the Procedures Act authorized suits against the moving parties on the basis of willful misconduct or gross negligence of the type specified therein; and that a genuine dispute existed as to facts upon which a finding of either willful misconduct or gross negligence could be made.

The trial court, by an order and opinion dated August 18, 1986, entered summary judgment for all appellees who had sought such relief, with the exception of Dr. Russek.[4] In so doing, it held that the Prison and the MH/MR Program were immune from liability for acts of the type set forth in the complaint under Section 8541 of Subchapter C and that, while appellees Philbin and Mrozowski could be held liable for willful misconduct, the pleadings, depositions and affidavits did not set forth facts which, if proven, would have resulted in the conclusion that the actions taken by them constituted willful misconduct. The trial court rejected appellants' contention that Section 114 of the Procedures waived governmental and/or official immunity as to suits based on gross negligence or willful misconduct of the type specified therein. This appeal followed.

Our scope of review of the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987). Summary judgment is

---

[3] Appellants obtained a default judgment against Breach as a result of her failure to file an answer to the complaint.

[4] The trial court held that there was a genuine dispute of fact as to Dr. Russek's status as an employee of Dauphin County.

only to be granted if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa. R.C.P. No. 1035(b). We consider first the ruling of the trial court as to the Prison and the MH/MR Program.

It is the appellants' claim that the Prison and the MH/MR Program are not protected under Section 8541 of Subchapter C, which provides for governmental immunity. To support this claim, appellants contend that the legislature, by Section 8550 of Subchapter C, abolished governmental immunity as to suits based upon the willful misconduct of an employee of a local agency. That statute provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice, or willful misconduct, *the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages shall not apply.* (Emphasis added.)

Contrary to the appellants' contention, however, this court has previously held that Section 8550 only abolishes immunity for willful misconduct which pertains to local agency employees, as well as additional restrictions placed on lawsuits against those employees, and does not affect the immunity of local agencies. *See Steiner by Steiner v. City of Pittsburgh*, 97 Pa. Com-

monwealth Ct. 440, 509 A.2d. 1368 (1986).[5] Accordingly, the Prison remains immune under Section 8542. Likewise, the MH/MR Program, could not be held liable for any willful misconduct of Mrozowski under said statute.

Appellants next contend that the Prison and the MH/MR Program are subject to liability when their employees commit acts of the type specified in Section 114 of the Procedures Act, which are found to constitute willful misconduct or gross negligence. They argue that the following language in Section 114 abolishes governmental immunity in this instance:

> *In the absence of willful misconduct or gross negligence,* a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this act, or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary. emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences.

The language on which appellants rely was contained in the Procedures Act, as originally enacted on July 9, 1976.[6] By negative implication, it authorizes

---

[5] We note, and appellants do not contest, that the Prison and the MH/MR Program are local agencies entitled to governmental immunity under Subchapter C.

[6] Section 114 was amended by legislation enacted on November 26, 1978, which, as correctly pointed out by the appellants;

suits for willful misconduct or gross negligence of the type specified therein. The term "person", as in "or any other authorized person", has been construed to include corporations, partnerships and associations, as well as natural persons. *See Farago v. Sacred Heart General Hospital,* 365 Pa. Superior Ct. 1, 528 A.2d 986 (1987). It could be argued that a county prison and a county mental health/mental retardation program are not "persons" under the above definition, so that Section 114 of the Procedures Act would not authorize suits against such local agencies. However, no such argument has been raised. Still, even if such an argument were to be raised before and rejected by this court, we would conclude, as the Prison and the MH/MR Program contend here, that Section 114 was limited by the later enactment of the Political Subdivision Tort Claims Act (Tort Claims Act) on November 26, 1978.[7]

The Tort Claims Act precluded suits against local agencies for damages on account of personal injuries, except where plaintiff was able to show that he had a common law or statutory cause of action against the local agency and that his cause of action fell within one of eight enumerated statutory exceptions to immunity. Under that act, an action could not be brought against a local agency based upon willful misconduct or gross negligence of the type specified in Section 114 of the

---

was the date of the enactment of the Tort. Claims Act. However, these amendments did not affect the degree of culpability which the statute requires to be shown before the shield of immunity provided therein is removed. Rather, they merely expanded upon the types of acts upon which liability could be predicated to include denials of applications for voluntary treatment and upon the types of persons against whom liability could be predicated to include peace officers.

[7] Act of November 26, 1978, P.L. 1399, *as amended,* formerly 53 P.S. §5311.101-5311.803, repealed by Act of October 5, 1980, P.L. 693 §333.

Procedures Act, since Section 307 of the Tort Claims Act, formerly 53 P.S. §5311.307, provided that negligent acts did not include acts which amounted to willful misconduct and since the types of acts specified in Section 114 did not fall under any of the eight categories of acts specified in Section 202 of said Act, formerly 53 P.S. §5311.202. Thus, if the Procedures Act provided a limited abolition of governmental immunity for the purposes set forth therein, a conflict existed between Section 114 of the Procedures Act and Sections 201, formerly 53 P.S. §5311.201 and 202 of the Tort Claims Act. Since Section 802(c) of the Tort Claims Act,[8] provided that "[a]ll other acts and part of acts are repealed to the extent of any inconsistency", the inescapable conclusion is that Section 114 of the Procedures Act, to the extent that it provided a limited abolition of governmental immunity, was repealed by the later enactment of the Tort Claims Act. It is well settled that such language constitutes words of express repeal of all previous inconsistent legislation. *Purolator Courier Corporation v. Public Utility Commission,* 13 Pa. Commonwealth Ct. 444, 319 A.2d 688 (1974).

Thus we conclude that the actions against the Prison and the MH/MR Program are barred by Section 8541 of Subchapter C.

We now turn to the decision of the trial court insofar as it relates to Philbin and Mrozowski. Considering first the issue of whether Section 114 of the Procedures Act abolishes official immunity for the limited purposes enunciated therein, we note that Section 8545 of Subchapter C, 42 Pa. C. S. §8545, provides:

> An employee of a local agency is liable for civil damages on account of any injury to a per-

---

[8] Formerly 53 P.S. §5311.802(c). While former Section 802(c) was not reenacted by Act 142 of 1980, its repealing effect was not vitiated as a result thereof. *See* 1 Pa. C. S. §1977.

son or property caused by acts of the employee which are within the scope of his office or duties *only to the same extent as his employing local agency* and *subject to the limitations imposed by this subchapter.* (Emphasis added.)

Under this statutory provision, employees of local agencies could not be held liable for acts of the type specified in Section 114 of the Procedures Act if they are found to constitute only gross negligence. This is because, as we have held above, the local agencies that employ them could not be held liable for such acts and since Subchapter C does not abolish official immunity for such acts if they constitute merely gross negligence. Given this and the fact that Section 114 of the Procedures Act abolishes official immunity for gross negligence of the type specified therein, there exists an irreconcilable conflict between those statutory provisions. Once again, the inescapable conclusion is that, by reason of the general repealer contained in Section 802 of the Tort Claims Act, Section 114, to the extent that it provided a limited abolition of official immunity, was repealed by the later enactment of the Tort Claims Act.

Having concluded that Section 114 of the Procedures Act does not abolish official immunity for gross negligence of the type specified therein, this court finally turns to the issue of whether the pleadings, depositions and affidavits set forth facts which, if proven, would have resulted in the conclusion that the acts taken by Philbin and Mrozowski constituted willful misconduct, so that they would be subject to the present lawsuit.

Willful misconduct, for the purposes of tort law, has been defined by our Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.

*Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 212 A.2d 440 (1965). In other words, the term "willful misconduct" is synonymous with the term "intentional tort". *See* W. Prosser, *Handbook of The Law of Torts,* 31 (4th ed. 1971).

Keeping this in mind, it is the conclusion of this court, after reviewing the record, that the acts of Philbin and Mrozowski, upon which liability is predicated, do not, as a matter of law, constitute willful misconduct. While the separate causes of action against Philbin and Mrozowski contain general allegations to the effect that their conduct constituted willful misconduct, those circumstances alleged in the complaint and related by the wife-appellant in her deposition testimony and affidavit, even if true, are insufficient to support a conclusion that either Philbin or Mrozowski must have believed and known that the assault of the wife-appellant, or some other person, at the hands of Breach was substantially certain to follow as a result of his conduct, so that it would have to be said that he intended such a result.

Therefore, it is the conclusion of this court that the actions against Philbin and Mrozowski are barred by Section 8545 of Subsection C.

In light of the foregoing discussion, we affirm the order of the trial court when it granted summary judgment against the appellants and in favor of appellees Philbin, Mrozowski, the Prison and the MH/MR Program.

## ORDER

Now, April 15, 1988, the order of the Court of Common Pleas of Dauphin County, dated August 18, 1986, at No. 3328-S-85, is hereby affirmed.