567 A.2d 753

**Donna URAM, Appellant,**

**v.**

**COUNTY OF ALLEGHENY, Western Psychiatric Institute & Clinic, Barbara Misiewecz, Sandra Tosic, A. Zieders, and Chris Davis, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1989.
Decided Dec. 13, 1989.

Stanley M. Stein, Feldstein, Grinberg, Stein and McKee, Pittsburgh, for appellant.

Howard A. Chajson, Paul W. Roman, Jr., Dickie, McCamey & Chilcote, P.C., Pittsburgh, for appellees, Allegheny County and Sandra Tosic.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

Donna Uram (Appellant) appeals an order of the Allegheny County Court of Common Pleas (trial court) which granted the motion for summary judgment of Allegheny County (County) and Sandra Tosic (Tosic) (collectively, Appellees).[1] For the reasons that follow, we affirm.

---

**1.** Western Psychiatric Institute & Clinic, Barbara Misiewecz, A. Zieders and Chris Davis filed a motion for summary judgment which was denied.

On June 26, 1985, Appellant telephoned Western Psychiatric Institute (Institute) in response to an Institute advertisement offering counselling services, and spoke with Barbara Misiewicz, an Institute nurse clinician (nurse). Appellant also spoke with the nurse on the following two days. As a result of these conversations, the nurse telephoned Tosic, a Human Service Aide 3 [2] for the Allegheny County Mental Health/Mental Retardation/Drug and Alcohol Program (Program), informed her of the content of the conversations with Appellant and requested a warrant for an emergency examination (warrant).[3] Based upon the information provided by the nurse, Tosic authorized a warrant. After receiving authorization for the warrant from Tosic, the nurse noted the authorization on a formal, written warrant application which was forwarded to the Program.

Police were dispatched to Appellant's home. Upon arrival a police officer phoned Tosic, informed her that he did not feel Appellant required treatment and suggested the warrant be withdrawn. Tosic did not withdraw the warrant and Appellant was transported to St. John's Hospital where she was examined and released.

Appellant filed a multi-count suit alleging a multitude of state law violations and that Tosic and County had violated her constitutional rights protected by 42 U.S.C. § 1983.[4]

**2.** Tosic works in the Information, Referral and Emergency Service part of the program. Part of her duties is to receive and authorize requests for involuntary emergency commitments for psychiatric evaluations.

**3.** Section 301(b)(2)(ii) of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, *as amended,* 50 P.S. § 7301(b)(2)(ii) establishes that persons who demonstrate that they are a clear and present danger to themselves are subject to involuntary emergency examination and treatment. § 302(a)(1) of the Mental Health Procedures Act, 50 P.S. § 7302(a)(1) permits the issuance of a Warrant for Emergency Examination upon an application setting forth reasonable grounds that a person is severely mentally disabled and in need of immediate treatment.

**4.** 42 U.S.C. § 1983 states, in pertinent part:
   **Civil action for deprivation of rights—**Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within

Trial court granted Appellees' motion for summary judgment stating that what is commonly called the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 grants immunity to them under the circumstances of this case.

On appeal, Appellant argues that the trial court erred 1) in holding that as a matter of law that Tosic had not committed willful misconduct and therefore was immune under § 8541 and 2) in applying immunity under § 8541 to Appellant's Federal Constitutional claims under 42 U.S.C. § 1983.

Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Schreck v. North Codorus Township,* 126 Pa.Commonwealth Ct. 407, 559 A.2d 1018 (1989). A motion for summary judgment may properly be granted when the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*

## I. PENNSYLVANIA ACTIONS

The trial court held that the County was immune under 42 Pa.C.S. § 8541 which states as follows:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

On appeal, Appellant does not challenge County's immunity under § 8541. In light of § 8541, the trial court properly granted County's motion for summary judgment on the state claims.

■ Appellant argues that trial court erred in holding that Tosic is immune under § 8541. An employee of a

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress. . . .

political subdivision can only be held liable if there is a showing of willful misconduct. *King v. Breach,* 115 Pa. Commonwealth Ct. 355, 540 A.2d 976 (1988). In *King,* we noted the following:

> Willful misconduct, for the purposes of tort law, has been defined by our Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied. *Id.* In other words, the term 'willful misconduct' is synonymous with the term 'intentional tort'. *See* W. Prosser, Handbook of The Law of Torts, 31 (4th ed. 1971).

*Id.,* 115 Pa.Commonwealth Ct. at 366, 367, 540 A.2d at 981.

■ Appellant argues that Tosic intentionally circumscribed safeguards in the Mental Health Procedures Act (M/H Act), 50 P.S. §§ 7101–7503,[5] in issuing the warrant and therefore has committed willful misconduct. Specifically, Appellant alleges that Tosic should never have issued the warrant because the application provided by the nurse, on its face, fails to meet the standard required by section 301(b) of the M/H Act, 50 P.S. § 7301(b). This section states, in pertinent part, as follows:

> (2) Clear and present danger to himself shall be shown by establishing that within the past 30 days:
>
> . . . .
>
> (ii) the person has attempted suicide and that there is the reasonable probability of suicide unless adequate treatment is afforded under this act. For the purposes of this subsection, a clear and present danger may be demonstrated by the proof that the person has made threats to commit suicide and has committed acts which are in furtherance of the threat to commit suicide. . . .

The information about Appellant that was provided to Tosic at the time of the warrant is as follows:

5. Act of July 9, 1976, P.L. 817, *as amended.*

> On 6/26/85, Donna Uram called the Clinical Information and Scheduling Office at Western Psychiatric Institute and Clinic in order to get 'some direction.' She admitted to suicidal ideation during the past year—'Life is all done, I'm already dead and old.' Feels extremely dead. Would take medication approximately 1½ months ago, thought about how deep it would be necessary to cut wrist ... Maybe 1 to 3 weeks ago, wanted to rip off her flesh and cut off her fingers and toes. She identified last incident of suicidal ideation as taking pills on 6/24/85. She admitted to having pills—? type of allergy medicine and has held the bottle of pills, the last time on 6/25/85. She reported taking aspirins @ age 19 and attempting to hurt herself with a knife @ 17 or 20. pt [patient] was directed to WPIC ER. As of 6/27/85, she had not done so and denied further suicidal ideation/attempts. On 6/28/85, she stated that she did not want to obtain therapy or go into an ER. Addendum: Pt stated on 6/26/85 that 11 year relationship with a man and her 2 cats keep her from hurting herself.

Warrant application, RR at 82.

Contrary to Appellant's argument, the warrant application demonstrates that Tosic had information which could lead her to believe that Appellant threatened suicide and committed acts in furtherance of suicide within 30 days preceding the warrant. With the information available to her, Tosic's authorization of the warrant, at a maximum was negligent, and as a matter of law was not willful misconduct.

■ Appellant further argues that Tosic demonstrated willful misconduct by issuing the warrant without a prior written application as required by section 302(a)(1) of the M/H Act, 50 P.S. § 7302(a)(1). This section states as follows:

> (1) Warrant for Emergency Examination.—Upon written application by a physician or other responsible party setting forth facts constituting reasonable grounds to believe a person is severely mentally disabled and in need

of immediate treatment, the county administrator may issue a warrant requiring a person authorized by him, or any peace officer, to take such person to the facility specified in the warrant.

It is undisputed that Tosic took the information for the warrant over the telephone and subsequently received the written application. Tosic argues that the M/H Act does not prohibit taking information over the telephone because "[a]s a matter of common sense, an Act designed to respond to emergency, life-threatening situations would have little value if the decision-makers did not have the flexibility to act based upon information which they received over the telephone." [6] We agree.

The nurse completed a written application and then transmitted the information in that application over the telephone to Tosic who approved the application. The document was later sent to the Program. We are satisfied, in light of the emergency nature of the warrant, that this procedure complies with the requirements of § 302 of the M/H Act, 50 P.S. § 7302. Therefore, Tosic cannot be found to have committed willful misconduct in processing the warrant.

■ Further, Appellant argues that Tosic committed willful misconduct because she failed to withdraw the warrant after a police officer stated that he did not believe Appellant needed treatment. This argument is meritless. Tosic was not required to withdraw the warrant under the M/H Act. A police officer is not empowered to require the withdrawal of a warrant under the Act and indeed may not be qualified to make such a judgment. Accordingly, the trial court's holding that Appellant could not establish willful misconduct on Tosic's part is affirmed.

## II. § 1983 ACTION

Appellant argues that the trial court erred as a matter of law in granting Appellee's motion for summary judgment in the § 1983 action on the basis of immunity under 42 Pa.C.S.

6. Tosic brief at 11.

§ 8541. Appellant asserts that state immunity laws are ineffective against claims under 42 U.S.C. § 1983. We note the applicable standard differs for employees and governments under § 1983. Therefore, we treat each separately.

We need not determine whether governmental immunity is abrogated in § 1983 claims as we conclude that Appellant has failed to state a claim under § 1983 as to County.[7] To determine whether Appellant has stated a § 1983 action:

> [T]he initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

There is no dispute that the warrant was issued pursuant to state action. Therefore, the question is whether the conduct complained of deprived Appellant of rights, privileges or immunities secured by the Constitution.

■ In *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), the United States Supreme Court held that "the touchstone of the § 1983 action against a government body is an allegation that the official policy is responsible for a deprivation of rights protected by the Constitution." Appellant argues that County established a policy where warrants are issued on the basis of information received over the telephone in violation of the M/H Act and therefore deprived Appellant of liberty and privacy interests without due process of law.

7. It is well settled that an appellate court may affirm a decision of a trial court if the result is correct without regard to the ground the trial court relied upon. *Kraiser v. Horsham Township*, 72 Pa.Commonwealth Ct. 16, 455 A.2d 782 (1983).

However, as stated above, we find the simultaneous written warrant application and telephone application procedure to satisfy the requirements of the M/H Act. Appellant does not challenge the constitutionality of the Act. Therefore, we conclude that Appellant was not deprived of a liberty or privacy interest without due process of law. Accordingly, there is no cause of action stated against County.

▮ Similarly, Appellant has failed to state a cause of action under § 1983 against Tosic. More than negligent conduct is required to state a claim under § 1983. *Harding v. Galyias,* 117 Pa.Commonwealth Ct. 371, 544 A.2d 1060 (1988), *petition for allowance of appeal denied,* 521 Pa. 625, 557 A.2d 727 (1989). As we held above in disposing of the state claims, at most Appellant states a case that Tosic was negligent in approving the warrant. Because, as a matter of law, Appellant cannot prove that Tosic's conduct was anything more than negligence, we dismiss the § 1983 action against her.

Accordingly, we affirm the trial court's grant of Appellees' motion for summary judgment.

## ORDER

AND NOW, December 13, 1989, the order of the Allegheny Court of Common Pleas in the above-captioned case is affirmed.