**Calvert v. New Freedom Borough**

*Charles B. Calkins* and *John A. Onorato,* for plaintiffs.
*Thompson J. McCullough, Harry L. McNeal* and *Daniel P. Carter,* for defendants.

CASSIMATIS, *J.,* June 17, 1993—

OPINION

This matter is before the court pursuant to the preliminary objections of the defendants, David Bowles, Frank Itzoe, Edward Smith, Harry Nonemaker, Al Smith, Clem Marchildon and Ed Molinski to the second amended complaint filed by the plaintiffs, Janis K. Calvert, Daniel K. Calvert, Kathy R. Cullison, Gregory A. Cullison, Lois A. Dumas and Robert M. Dumas. The preliminary objections are brought in the nature of a motion to strike and a demurrer. No brief in response was filed by the plaintiffs.

According to the amended complaint filed on March 11, 1992, an 81-lot residential subdivision plan known as Slyder Estates was preliminarily approved by the defendant, New Freedom Borough, by and through New Freedom Borough Council, with defendant James R. Holley then presiding as Borough Council President. In 1977, the defendant borough approved the plan for residential development which included Section Two.

In 1982, the defendant borough accepted a completion date for the construction and operation of New Freedom

Borough Well No. 3, and as a result of the continuous operation of this well, the water table in the area was lowered, thereby making what was once marshland buildable. Thereafter, defendant Paul L. Smith, Incorporated, as well as defendant Paul L. Smith, individually, constructed residential homes on Lots 11, 12 and 38 of Slyder Estates, Section Two, which the plaintiffs subsequently purchased. During June of 1989, due to the fact that the defendant borough ceased operation of Borough Well No. 3, the water table in the area rose, causing damage to the plaintiffs' property, including a loss of resale value, damage to the lawns, shrubbery, plants and trees.

The second amended complaint alleges the following causes of action:

Count One—Intentional Willful Misconduct; Plaintiffs vs. Council Members.

Count Two—Negligence; Plaintiff vs. James R. Holley, individually and as President of Slyder Estates, Incorporated.

Count Three—Negligence; Plaintiffs vs. Slyder Estates, Incorporated.

Count Four—Negligence; Kathy and Gregory Cullison vs. Paul L. Smith, individually and as President of Paul L. Smith, Incorporated.

Count Five—Intentional, Willful Conduct and Fraud; Kathy and Gregory Cullison vs. Paul L. Smith, individually and as President of Paul L. Smith, Incorporated.

Count Six—Breach of Implied Warranty of Habitability; Kathy and Gregory Cullison vs. Paul L. Smith, individually and as President of Paul L. Smith, Incorporated.

Count Seven—Negligence; Kathy and Gregory Cullison vs. Paul L. Smith, Incorporated.

Count Eight—Intentional Willful Conduct and Fraud; Kathy and Gregory Cullison vs. Paul L. Smith, Incorporated.

## DEMURRER

Any party in a civil action may raise by preliminary objection a demurrer. Pa.R.C.P. 1017. A demurrer is an assertion that a pleading does not set forth a cause of action or claim on which relief can be granted, or a legally sufficient defense. *Binswanger v. Levy,* 311 Pa. Super. 41, 457 A.2d 103 (1983).

"A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom.... It tests the legal sufficiency of the challenged complaint and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief may be granted.... If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer." (citation omitted) *Creeger Brick and Building Supply, Inc. v. Mid-State Bank and Trust Company, SEDA,* 385 Pa. Super. 30, 32-33, 560 A.2d 151, 152 (1989).

"Further, every allegation in the plaintiff's complaint must be accepted as true." (citation omitted) *Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa. Super. 287, 292, 361 A.2d 375, 377 (1976).

"Conclusions of law and unjustified inferences are not admitted by the pleading.... Starting from this point of reference, the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought.

If such is the case, the demurrer may not be sustained." (citations omitted) *Sinn v. Burd,* 486 Pa. 146, 149-50, 404 A.2d 672, 674 (1979).

"This standard is so rigorous that Pennsylvania courts have cautiously and reluctantly applied it to dismiss causes of action. If any error is to be made or any bias encountered, it is to be in favor of overruling the preliminary objections '[w]here a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.' " (citations omitted). *Lefever v. Lancaster Leaf Tobacco Company of Pennsylvania, Incorporated,* 46 D.&C.3d 421, 424 (1987).

In this court's opinion and order dated February 7, 1992, we denied the defendants' demurrer as to Count Two—Intentional, Willful Misconduct but required the plaintiffs to specifically plead the willful misconduct alleged. Defendants allege that plaintiffs have not filed any more specific averments which constitute willfull misconduct as required by 42 Pa.C.S. §8550. That statute provides:

"Section 8550. Willful misconduct.

"In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply." 1980, Oct. 5, P.L. 693, No. 142, §221(1), effective in 60 days.

"An employee of a political subdivision can only be held liable if there is a showing of willful misconduct.

*King v. Breach,* 115 Pa. Commw. 355, 540 A.2d 976 (1988). In *King,* we noted the following: Willful misconduct, for the purposes of tort law, has been defined by our Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied. *Id.* In other words, the term 'willful misconduct' is synonymous with the term 'intentional tort.' " *Uram v. County of Allegheny,* 130 Pa. Commw. 148, 152-53, 567 A.2d 753, 755 (1989).

Defendants assert that the following alleged acts fall within the policy-making discretion of public officials, the results of which are not actionable wrongs:

"(39) The New Freedom Borough Council Members were aware or should have been aware that Lots 11, 12 and 38 of Slyder Estates, Section 2, were located on a designated flood plain when the subdivision plans for development of said lots were submitted to council members for approval prior to development.

"(40) The New Freedom Borough Council Members were aware or should have been aware that Lots 11, 12 and 38 of the approved subdivision known as Slyder Estates, Section 2, were part of a marshy and wetland area not qualified or suitable to be habitable or appropriate for the development and construction of residential homes.

"(41) The New Freedom Borough Council Members knew or should have known that the operation of New Freedom Borough Well No. 3 masked the true nature of Lots 11, 12 and 38 of Slyder Estates, Section 2, by providing drainage to the area and lowering the area's water table.

"(42) The New Freedom Borough Council Members knew or should have known that the operation of Borough Well No. 3 alleviated the visual appearance of a marshy wetland area and/or alleviated the visual appearance of an existing flood plain area.

"(43) The New Freedom Borough Council Members knew or should have known that it was substantially certain to follow that purchasers of Lots 11, 12 and 38 of Slyder Estates, Section 2, would incur water damage if the operation of the Borough Well No. 3 were to cease for any extended period of time.

"(44) The New Freedom Borough Council Members, at all times relevant, acted intentionally, willfully, with gross negligence, with actual malice and with willful misconduct, thereby causing injuries and damages to the plaintiffs as herein set forth.

Particularly relevant to the inquiry under consideration here is 42 Pa.C.S. §8546, which provides in pertinent part as follows:

"Section 8546. Defense of official immunity.

"In any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee, the employee may assert on his own behalf, or the local agency may assert on his behalf:...

"(3) The defense that the act of the employee which gave rise to the claim was within the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policymaking dis-

cretion granted to such person by law." 1980, Oct. 5, P.L. 693, No. 142, §221(l), effective in 60 days.

In *Swartz v. Masloff,* 62 Pa. Commw. 522, 437 A.2d 472 (1981), the lessors and lessees of condemned property brought an action against the city council members, charging the defendants with acting maliciously, wantonly and recklessly with an intent to cause harm to the plaintiffs.

"While the separate causes of action against each councilman contained general allegations that each councilman was negligent and that the negligence 'arises to misfeasance in office and was malicious, wanton, reckless and done with intent to cause harm to the plaintiff [sic],' the factual allegations in support of that conclusive language are totally absent. As the trial judge said in this opinion in support of his order: After a total review of the plaintiff's [sic] complaint, the court must conclude that the thrust of the plaintiffs [sic] assertions in negligence are that the public officials used a feasibility study which was not appropriate and that certain appraisals had not been done and that a total review of the entire project should have been under taken prior to any action by Council.

"Our examination of the complaint leads us to the same conclusion. In short, the factual allegations against the appellees, even if true, would not constitute willful misconduct under 42 Pa.C.S. §8550 nor would they fall within the ambit of actions against public officials now permitted under *DuBree [infra].* Rather, we are satisfied that the complained of conduct of the appellees falls within the protection afforded by 42 Pa.C.S. §8546(3) and the mandate of *DuBree* that the policymaking discretion of public servants must be protected." *Id.* at 527-28, 437 A.2d at 475.

In *DuBree v. Commonwealth of Pennsylvania,* 481 Pa. 540, 393 A.2d 293 (1978), the Supreme Court stated that "[i]n order to discharge his duties effectively, a public servant must be free to exercise his judgment unhampered by the fear of unpredictable liability. Where the nature of the servant's decision or action in question is such that it may not be measured against a predictable standard of care, the possibility of litigation may tend to discourage the making of clear choices. It is in the public interest to avoid such a chilling effect upon the servant's performance of his duties. Where, on the other hand, a standard of care may be defined and applied with relative ease, the public servant is not similarly deterred and the public interest in the protection of the official weakens. Also relevant to the strength of the public interest is the potential impact of the challenged decision or action upon the public as a whole or upon a large segment of it. The greater or more pervasive this impact, the stronger becomes the public interest in insuring unfettered decision making." *Id.* at 544, 393 A.2d at 295. See also, *Yealey v. Fink,* 43 Pa. 212 (1862).

In the instant case, the defendants, as current New Freedom Borough Council members, have the discretion to operate the water system, which includes Well No. 3, as well as the authority to approve plans for development. Upon examining the second amended complaint, we find that the factual allegations against the defendants do not constitute willful misconduct pursuant to 42 Pa.C.S. §8550 and that the complained of conduct falls within the protection of Pa.C.S. §8546(3). We, therefore, grant the demurrer and dismiss the plaintiffs' second amended complaint against defendants David Bowles, Frank Itzoe, Edward Smith, Harry Nonemaker, Al Smith, Clem Marchildon and Ed Molinski.

MOTION TO STRIKE

Pa.R.C.P. 1017(b)(2) permits a motion to strike for the purpose of preliminarily objecting to the pleading on the following two grounds: (1) lack of conformity to law or rule of court and (2) the inclusion of scandalous or impertinent matter.

"Facts not material to an issue are impertinent. *Berkebile v. Nationwide Insurance Company,* 6 D.&.C.3d 243 (1977) ... Likewise, an allegation of damages which are not legally recoverable in a cause is impertinent in that it is not relevant to the cause of action and can justify a motion to strike. *Hudock v. Donegal Mutual Insurance Company,* 438 Pa. 272, 264 A.2d 668 (1970). ... Furthermore, a preliminary objection in the nature of a motion to strike off a pleading should be overruled unless a party can affirmatively show prejudice. The right to strike impertinent matter should be sparingly exercised; where the matter is impertinent but not injurious, it need not be stricken. *Goehring v. Harleyville Mutual Casualty Company,* 73 D.&.C.2d 784 (1976). Impertinent matter may be treated as mere surplusage and ignored." Goodrich-Amram 2d §1017(b):16 Motion to strike off pleading because of inclusion of impertinent matter.

As we have granted the demurrer, the motion to strike has been rendered moot and we will not address this preliminary objection.

Accordingly, we enter the following order.

ORDER

And now, to wit, June 17, 1993, upon consideration of the preliminary objections of the defendants, David Bowles, Frank Itzoe, Edward Smith, Harry Nonemaker,

Al Smith, Clem Marchildon and Ed Molinski, it is hereby ordered:

(1) The demurrer as to Count One of the second amended complaint is granted, and said Count One of the second amended complaint is dismissed against the above named defendants.

(2) Defendants shall file an answer to the remaining counts of the second amended complaint within 25 days of the date of this order.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.