562 A.2d 1029

**Robert COTTER, a minor, by his parent and natural guardian, Patricia COTTER, and Patricia Cotter in her own right, Appellants,**

v.

**SCHOOL DISTRICT OF PHILADELPHIA and Middle Years Alternative School et al., Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 1989.

Decided Aug. 18, 1989.

Jay E. Plunk, Jr., Philadelphia, for appellants.

Harry S. Tischler, Philadelphia, for School Dist. of Philadelphia and Middle Years Alternative School.

Norman G. Prajzner, Miriam B. Brenaman, Barbara R. Axelrod, Seymour Kurland, Norma S. Weaver, Philadelphia, for City of Philadelphia.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Robert and Patricia Cotter (Appellants) appeal from orders of the Court of Common Pleas of Philadelphia County sustaining preliminary objections in the nature of a demurrer of the City of Philadelphia, the School District of Philadelphia, Middle Years Alternative School, Gilbert Belsky, Barry Goldstein, and Jane Doe,[1] (Appellees) and dismissing Appellants' amended complaint.

The facts, as alleged in the amended complaint, are as follows: Robert Cotter (Cotter) was a student in the School District of Philadelphia and attended Middle Years Alternative School. In April 1986, Cotter attended a workshop at Fellowship Farms in Pottstown, Pennsylvania which was sponsored by the City of Philadelphia and the School Dis-

---

1. Gilbert Belsky (Belsky), Barry Goldstein (Goldstein), and Jane Doe (Doe) are employees of the Philadelphia School District and work for Middle Years Alternative School.

trict of Philadelphia. While at the workshop, Cotter was sexually assaulted by another student.

Appellants filed a complaint and an amended complaint in which they alleged that Appellees negligently supervised the students and that Belsky, Goldstein, and Doe's attempts to coverup the incident and their failure to provide adequate counselling for Robert constituted willful misconduct. Appellees filed preliminary objections to the amended complaint asserting the defense of immunity. The trial court sustained the preliminary objections and dismissed the complaint.

■ On appeal, Appellants contend that this action falls under the real estate exception to Appellees' defense of immunity. Appellants also allege that Belsky, Goldstein, and Doe's actions are not protected by the immunity statute and that Belsky has waived his right to immunity. "Preliminary objections in the form of a demurrer will not be sustained unless it is clear on the face of the pleadings that the law will not permit the recovery sought." *Hawkins v. City of Harrisburg*, 120 Pa.Cmwlth. 369, 371, 548 A.2d 399, 401 (1988).

■ Initially we note that immunity is an affirmative defense which is properly raised in new matter rather than in a preliminary objection. Rule 1030 of the Pennsylvania Rules of Civil Procedure provides in pertinent part: "All affirmative defenses including but not limited to the defense of ... immunity from suit ... shall be pleaded in a responsive pleading under the heading 'new matter.'" Although immunity should be raised in new matter, our Supreme Court in *The Upset Sale of Properties Against Which Delinquent 1981 Taxes were Returned to the Tax Claim Unit on or about the first Monday of May, 1982 (Skibo Property)*, 522 Pa. 230, 560 A.2d 1388 (1989), concluded that the governmental immunity defense may be raised at any time in a proceeding. The raising of this defense by preliminary objection rather than in new matter,

in violation of Pa.R.C.P. No. 1030, is not, however, condoned by this Court.

Local agencies and their employees are afforded governmental immunity pursuant to 42 Pa.C.S. § 8541. That section provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Appellants contend that the exception in 42 Pa.C.S. § 8542(b)(3) (real estate exception) applies to the facts of this case. Section 8542(b)(3) provides, in part, that a local agency or an employee may be liable for injuries which result from the care, custody or control of real property in the possession of such local agency.

We believe that the applicability of the real estate exception to the facts of this case is controlled by *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). In *Mascaro*, our supreme court held "that the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Id.*, 514 Pa. at 363, 523 A.2d at 1124 (emphasis in original). The mandate in *Mascaro* is clear; the real estate exception does not apply to damages which are the result of acts of third parties. In the case at hand, Appellants have alleged that the damages were the result of actions of another student and not from the defects of the land itself. We conclude that Appellant's amended complaint does not fall under the real estate exception.

Appellants contend that regardless of whether the real estate exception to governmental immunity applies, Belsky, Goldstein, and Doe are not protected because their actions of attempting to cover-up the incident and failing to provide adequate counseling constituted willful misconduct.[2] In

2. The immunity defense does not apply to damages which result from an injury caused by the willful misconduct of an employee. 42 Pa.C.S. § 8550.

addition, paragraph 6 of the amended complaint contains an allegation that Belsky has waived his immunity. However, Appellant has not pled any facts to support these bald allegations. Pa.R.C.P. No. 1019(a) requires that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Because Appellants have had two opportunities to plead these facts and have failed to do so, we do not feel that a remand to provide another opportunity is warranted.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, August 18, 1989, the order of the Court of Common Pleas of Philadelphia County, in the above-captioned matter is affirmed.