584 A.2d 1056

**Polly Anne HOLLAND, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, NORRISTOWN STATE HOSPITAL, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Dec. 18, 1990.

As Amended Dec. 31, 1990.

As Amended Jan. 16, 1991.

Rehearing Denied Jan. 30, 1991.

656

Kathleen L. Daerr–Bannon, Philadelphia, for appellant.

John J. Calabro, Deputy Atty. Gen., with him, Ernest D. Preate, Jr., Atty. Gen., Philadelphia, for appellee.

Before PELLEGRINI and BYER, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

Polly Anne Holland (Holland) appeals from an Order of the Montgomery County Court of Common Pleas granting the Commonwealth of Pennsylvania, Norristown State Hospital's (Norristown) Motion for Summary Judgement and dismissing her Complaint.

Holland, a security attendant trainee-employee at Norristown, was assaulted and raped during the course of her employment by a committed psychiatric patient. Following the attack, the patient took Ms. Holland's keys and escaped from the building. As a result of the attack, Holland sustained personal injuries.

Holland filed a Complaint against Norristown, alleging that the "negligence, recklessness and wantonness" of Norristown and its agents and employees resulted in the attack, rape and resulting injuries. Plaintiff's Complaint pp. 3–4. (Reproduced Record (R.R.) 8a–9a). Norristown filed an Answer and New Matter raising sovereign immunity[1] and The Pennsylvania Workmen's Compensation Act[2] as bars to any civil action. Following discovery, Norristown filed a Motion for Summary Judgment on the basis that sovereign immunity and The Pennsylvania Workmen's Compensation Act bar her claims. By Order dated December 18, 1989, the

1. See 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521.
2. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411.

trial court granted Norristown's Motion for Summary Judgment[3] on the ground that sovereign immunity bars Holland's action but did not address the issue of whether Holland was precluded under The Pennsylvania Workmen's Compensation Act. This appeal followed.

## I.

Holland contends that the protection of sovereign immunity is waived pursuant to the medical-professional liability exception. 42 Pa.C.S. § 8522(b)(2).[4] Holland argues that due to the negligent, reckless and wanton action of Norristown and its staff in failing to provide a safe work place by not controlling or warning her of a known dangerous person under their care, she suffered physical injuries for which she may bring a civil action.[5] As an exception to the rule of immunity of the Commonwealth from liability, the medical-professional liability waiver must be strictly construed and narrowly interpreted against the party as-

3. Summary judgment may only be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *McHale v. Cole,* 119 Pa.Commonwealth Ct. 334, 547 A.2d 485 (1988); *Muncy Area School District v. Gardner,* 91 Pa.Commonwealth Ct. 406, 497 A.2d 683 (1985); Pa.R.C.P. No. 1035.

4. Section 8522(b)(2) of the Judicial Code provides:
 (b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth, and the defense of sovereign immunity shall not be raised to claims for damages caused by:

 . . . . .

 (2) Medical-professional liability.—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, nurse or related health care personnel.
 42 Pa.C.S. § 8522(b)(2).

5. To be able to maintain this action, Holland must set forth a cause of action where damages would be recoverable under common law or a statute creating a cause of action against one not having an immunity defense. 42 Pa.C.S. § 8522(a); *Mascaro v. Youth Study Center.* By alleging Norristown's negligent failure to provide, in essence a safe work place, Holland has set forth a cause of action which was recognizable at common law. *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959); *Kohler v. McCrory Stores,* 395 Pa.Superior Ct. 188, 576 A.2d 1107 (1990); *Mike v. Borough of Aliquippa,* 279 Pa.Superior Ct. 382, 421 A.2d 251 (1980); Restatement (Second) of Torts §§ 315, 319 (1965).

serting liability. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *Moore v. Pennsylvania Department of Justice*, 114 Pa.Commonwealth Ct. 56, 538 A.2d 111 (1988).

Norristown argues and the trial court found that sovereign immunity under the medical-professional exception, Section 8522(b)(2), is not waived since the attack on Holland constituted a third-party criminal act and accordingly was not the result of Norristown's conduct, citing *In Matter of Goryeb*, 125 Pa.Commonwealth Ct. 271, 557 A.2d 822 (1989) and *Harrisburg State Hospital v. Sherk*, 128 Pa.Commonwealth Ct. 150, 562 A.2d 1025 (1989).

Since the trial court's decision, our Supreme Court has reversed our decision in *In Matter of Goryeb* holding that when a Commonwealth party participates in a decision to examine, treat or discharge a patient it can be held liable to third parties under the provisions of the Mental Health Procedures Act (MHPA)[6] where its "treatment decision" constituted willful misconduct or gross negligence. *Goryeb v. Department of Public Welfare*, 525 Pa. 70, 575 A.2d 545 (1990). Interpreting Section 114(a) of the MHPA which states that a person, including the Commonwealth, committing an act of willful misconduct or gross negligence shall be "liable for such a decision or any of its consequences," 50 P.S. § 7114(a), the Supreme Court found that the General Assembly intended for the Commonwealth to be liable under the medical-professional liability exception. The court found that this language indicated a clear legislative recognition that a severely mentally disabled person is a "potential serious danger not only to the patient himself but to 'others'." *Goryeb v. Department of Public Welfare*, 525 Pa. at 78, 575 A.2d at 549.[7]

6. Act of July 9, 1976, P.L. 817, No. 143, *as amended*, 50 P.S. § 7101–7503.

7. Since the language in *Goryeb* clearly indicates that sovereign immunity can be waived with regard to injuries suffered by persons other than patients, we find that our decision in *Harrisburg State Hospital v. Sherk*, has been implicitly overruled.

The Supreme Court in *Goryeb* came to this decision by reading Section 114 of the MHPA,[8] together with Section 8522(b)(2) of the Judicial Code. They found that the statutes were *in pari materia*, and as such, must be construed together as one statute.[9] The court held that in order to waive sovereign immunity for acts covered under the MHPA, willful misconduct or gross negligence must be shown.[10]

For Holland to recover because of the alleged gross negligence or willful misconduct, Norristown's conduct must come within the purview of the MHPA. Furthermore, for Norristown to be held liable, its decision to entrust the patient to Holland must constitute a "treatment decision." 50 P.S. § 7114(a). Treatment as defined by Sections 104 and 107 of the MHPA fully encompass decisions to "maintain decent, safe and healthful living conditions," 50 P.S. § 7104, and the need "to impose the least

**8.** Section 114(a) of the MHPA provides immunity from liability as follows:

(a) *In the absence of willful misconduct or gross negligence,* a county administrator, a director of a facility, a physician, a peace officer or any other authorized person *who participates in a decision that a person be examined or treated under this act,* or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the *restraint upon such person be otherwise reduced,* or a county administrator or to her authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, *shall not be civilly or criminally liable for such decision or for any of its consequences.* (Emphasis added.)
50 P.S. § 7114(a).

**9.** See Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932.

**10.** Thus, the MHPA imposes the requirement that Holland alleged gross negligence or willful misconduct on the part of Norristown. In her Complaint, Holland alleges "wanton" conduct on Norristown's part. (R.R. 8a–9a). Black's Law Dictionary defines a "wanton act" as:
One done in reckless disregard of the rights of others, . . . and is more than negligence, *more than gross negligence,* . . . *equivalent in its results to willful misconduct.* (Emphasis added.)
Black's Law Dictionary 1419 (5th ed. 1979). An allegation of "wantonness" clearly satisfies the requirement of gross negligence or willful misconduct set fort in *Goryeb v. Department of Public Welfare.*

restrictive alternative consistent with affording the person adequate treatment for his condition." 50 P.S. § 7107. See *Farago v. Sacred Heart General Hospital*, 522 Pa. 410, 562 A.2d 300 (1989). We find that decisions made concerning the supervision of the patient fall with the definition of treatment in the MHPA.

■ Because Holland has shown that her claim, one cognizant at common law, arises out of the alleged gross negligence or willful misconduct of Norristown and its staff in making the "treatment decision" to entrust the patient to Holland, her action falls within the medical-professional liability exception to sovereign immunity.

## II.

■ While not addressed by the trial court because of its finding that sovereign immunity barred the action, Norristown argued in its summary judgment motion and its brief on appeal, that Holland's action was barred by the provisions of The Pennsylvania Workmen's Compensation Act (Act).[11] Where the provisions of the Act are applicable, an employee is barred from bringing an action during the course of his or her employment. *Bigley v. Unity Auto Parts, Inc.*, 496 Pa. 262, 436 A.2d 1172 (1981); Section 1 of the Act, 77 P.S. § 1. Holland contends however, that she is not precluded from bringing a civil action because the attack on her was for "reasons personal" to her attacker, and is therefore excluded from the term "injury" in Section 301(c) of the Act, 77 P.S. § 411.

Section 301(c) of the Act states in relevant part:

The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the

11. Norristown first raised this issue before the trial court in its Answer and New Matter and subsequently in their Motion for Summary Judgment. As such, this issue is properly before us. Pa.R.A.P. 302(a). Furthermore, the provisions of the Act, if applicable, deprive the common pleas court of jurisdiction, and as such, may be raised at any time. *LeFlar v. Gulf Creek Industrial Park No. 2*, 511 Pa. 574, 515 A.2d 875 (1986); Pa.R.C.P. 1032(2).

employe because of *reasons personal to him and not directed against him as an employe or because of his employment;* ... (Emphasis added.)

77 P.S. § 411(1).

She contends that the rape was not part of, or in furtherance of, the patient's escape attempt, but was purely personal in nature. Because the patient had committed many prior sexual assaults, primarily on males, Holland contends that the patient attacked her to satisfy his personal need to prove he "like[d] [women] too" (R.R. 87a) and not only other males. She argues the rape was directed at her as a woman and not as an employee. This however, does not place her within the exclusion to the Act that the injuries be personal to her.

In construing Section 301(c) of the Act in attack situations involving an employee and a third party, our courts have consistently held that the employee must show that the "personal animosity" of the third-party was the motive behind the attack. *Dolan v. Linton's Lunch; Workmen's Compensation Appeal Board v. Plum,* 20 Pa.Commonwealth Ct. 35, 340 A.2d 637 (1975); *Cleland Simpson Co. v. Workmen's Compensation Appeal Board,* 16 Pa.Commonwealth Ct. 566, 332 A.2d 862 (1975); *Brooks v. Marriott Corporation,* 361 Pa. Superior Ct. 350, 522 A.2d 618 (1987); *Mike v. Borough of Aliquippa.*

The Superior Court in *Brooks* discussed the exception for injuries inflicted by third parties for personal reasons:

This exception to the coverage of the Act applies to situations in which the third-party's acts were motivated by a feeling of animus against the particular person injured. *If the third-party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception and is covered exclusively by the Act.* (Citations omitted.) (Emphasis added.)

*Brooks v. Marriott Corporation,* 361 Pa.Superior at 356, 522 A.2d at 621.

In the present case, there is no allegation of a pre-existing personal animosity between the patient and Holland.[12] Although Holland was most likely attacked because she was a woman, the patient would have attacked any woman in that situation. She was attacked not because the patient's animosity was personal to her but because of her position as an employee of Norristown, and as such, her remedy is limited to compensation under the Act.

Accordingly, we will affirm the trial court's grant of Summary Judgment on the ground that The Workmen's Compensation Act precludes a civil action against the employer.

## ORDER

AND NOW, this 18th day of December, 1990, the Order of the Montgomery County Court of Common Pleas dated December 18, 1989, is affirmed on the ground that The

12. This factual conclusion is based on evidence of record before this Court. In Holland's answer to the Motion for Summary Judgment, she provides in paragraph 3:

3. It is denied that pursuant to Section 481(a) of the Workmen's Compensation Act, the liability of the defendant, the Commonwealth of Pennsylvania, Norristown State Hospital (hereinafter referred to as "Commonwealth Party") is limited to the procedures and damages provided for in said statute. It is affirmatively averred that plaintiff's action is not limited by said statute for all the reasons set forth in the *attached Memorandum of Law*. (Emphasis added.) (R.R. 317a.)

In the Memorandum of Law, attached thereto, Holland's counsel contended that the rape was the result of personal animosity because: Rape is not part of an escape; it is very personal; and as in this case, it was to fulfill a stated personal need of Saunders to prove that he "liked [woman] too," for he had been the perpetrator of multitudinous and heinous sexually deviant assaults primarily on males. Thus, his personal motives in delaying his escape in order to rape this young female trainee are obvious. Copy of police report, adduced in discovery, of plaintiff's account of rape, is attached as Exhibit "B". Polly Anne Holland was not attacked as a security employee; she was attacked because she was a woman and Brian Saunders needed to prove something sexually in that regard. As defendant states, in order to escape the hospital, Saunders needed to overpower and overcome plaintiff. By no leap of logic, however, can it be said that he needed to rape Polly Anne Holland in order to accomplish this. (Supplemental Record, 15a.)

Workmen's Compensation Act precludes a civil action against the employer.

BYER, Judge, concurring and dissenting.

I join the majority's opinion to the extent it holds that plaintiff's action is not barred by sovereign immunity. However, I dissent from the majority's decision to affirm the summary judgment on the basis of the Workmen's Compensation Act, because this issue is not properly before us.

Although defendant moved for summary judgment on the basis of both sovereign immunity and exclusivity of remedy under the Workmen's Compensation Act (296a), the trial court entered summary judgment solely on the basis of sovereign immunity. The trial court's opinion contains no discussion of the defendant's alternative argument under the Workmen's Compensation Act, so we have no idea whether the trial court would find the existence of a "genuine issue as to any material fact" relevant to this legal question. Pa.R.C.P. 1035(b).

Defendant's brief in this court does not argue the Workmen's Compensation Act question. Instead, defendant's brief argues only the sovereign immunity question, and notes expressly that defendant's argument on sovereign immunity assumes "arguendo that plaintiff has pleaded a cause of action which is not barred by the Workmen's Compensation Act...." Brief of Appellee, 10. Indeed, defendant's Counter-Statement of Questions Involved in its brief does not raise any question relating to the exclusivity of the Workmen's Compensation remedy. *See* Pa.R.A.P. 2116(a) ("ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.")

Although we may affirm a decision based upon grounds different from those relied upon by the trial court, *see, e.g., Karl Smith Development Co. v. Borough of Aspinwall,* 125 Pa.Commonwealth Ct. 687, 695 n. 6, 558 A.2d 181, 185 n. 6 (1989), *app. den.,* 525 Pa. 614, 577 A.2d 545 (1990), I

am unaware of any case in which we have done so under the circumstances of this case. Although the question does involve subject matter jurisdiction, resolution of that question in this case depends upon the determination of basic facts, a function which should be within the exclusive province of the trial court.

Plaintiff's brief in this court does discuss the question of whether the Workmen's Compensation Act would preclude plaintiff's action. However, this was in obvious anticipation of an argument which appellee decided not to make in this court. We do not have an argument by defendant-appellee on this point except the "argument" made in the majority opinion. Because defendant's brief does not discuss the point, plaintiff-appellant did not discuss the issue in any reply brief under Pa.R.A.P. 2113. Thus, the majority's raising this issue on behalf of defendant-appellee deprives plaintiff-appellant of any opportunity to file a reply brief answering the argument which the majority asserts on behalf of appellee.

Furthermore, we do not have the benefit of any trial court review of the record to determine whether the record presents, with respect to Workmen's Compensation Act question, a "genuine issue as to any material fact...." Pa.R.C.P. 1035(b). Such a review is essential to the proper exercise of our appellate function in this case.

The pivotal issue with respect to the Workmen's Compensation Act question in this case is whether the perpetrator of this brutal attack acted for personal reasons and not because of plaintiff's employment. Workmen's Compensation Act, § 301(c), 77 P.S. § 411(1). This manifestly is a factually intensive determination. Because the trial court limited its determination to the sovereign immunity question, I cannot determine whether plaintiff had a full and fair opportunity in the trial court to establish the facts relevant to the Workmen's Compensation Act question nor whether the plaintiff had a full and fair opportunity to show a "genuine issue as to any material fact" relevant to determi-

nation of this question so as to preclude summary judgment under Pa.R.C.P. 1035 and require a jury trial.

We do not properly exercise our appellate review function by reaching to decide a case on a fact-based issue which the party benefited by our ruling has chosen not to raise on appeal. Likewise, it is not our function to comb through the record to determine whether there is a "genuine issue as to any material fact" for purposes of Pa.R.C.P. 1035(b) without the benefit of a trial judge's evaluation of the record, particularly where we deprive appellant of any opportunity to dispute the argument *we* make on behalf of appellee.

I cannot agree to take away plaintiff's right to a jury trial under these circumstances. I believe the majority has strayed beyond our function of appellate review and has done so in a fundamentally unfair manner.

Therefore, I most respectfully dissent from the majority's decision to affirm the order granting summary judgment on a basis which is not before us. I would vacate the order granting summary judgment and remand the case for further proceedings, including consideration of that aspect of defendant's motion for summary judgment which the trial court did not reach because of its decision on sovereign immunity.