## Hershey v. Ninety-Five Associates

*Eugene Miller,* for plaintiff.

*Harold L. Frank* and *Anthony S. Pinne,* for defendant Blair Mahoney.

*Lawrence Robinson,* for defendant Ninety-Five Associates.

SURRICK, *J.,* August 15, 1991—On March 27, 1989, plaintiff instituted a civil action against her employers, Ninety-Five Associates and Blair Mahoney, defendants. On April 2, 1990, defendants filed a motion for summary judgment. On May 8, 1990, the Honorable Anthony R. Semeraro denied this motion. On May 27, 1990, a motion for reconsideration of defendants Ninety-Five Associates and Blair Mahoney was filed requesting that the order of May 8, 1990 be reconsidered. By order dated June 20, 1990, Judge Semeraro again denied defendants' motion for summary judgment. Thereafter, the case was transferred to this judge.

On March 27, 1991, after conference with counsel and with the agreement of counsel, an order was entered permitting this court to reconsider. Judge Semeraro's denial of the motion for summary judgment. After review of the record and the applicable law, an order was entered on April 16, 1991, granting defendants' motion for summary judgment. A notice of appeal to the Superior Court was filed on May 9, 1991. The notice erroneously indicated that the appeal was from the order of this court dated March 27, 1991. After being advised of the error, plaintiff's counsel filed an amended notice of appeal on May 14, 1991, thus necessitating this opinion.

The uncontested facts are as follows. On April 9, 1987, shortly after 6 a.m., plaintiff was assaulted and battered by an unidentified male who also attempted to rape her. The assault occurred while plaintiff was working for defendants in her capacity as a night

auditor. Plaintiff was standing alone behind a desk at an open cash register counting money when her assailant jumped over the desk, grabbed her by the hair, placed a razor at her throat and dragged her into a back office. The assailant struck plaintiff a number of times and attempted to remove her clothing. Plaintiff was finally able to escape from her assailant and her assailant ultimately fled the scene after taking money from the cash register. Plaintiff did not know her assailant nor had she ever seen her assailant before. Plaintiff had no prior relationship whatsoever with the assailant nor had there been any animosity between plaintiff and her assailant. The assailant was never apprehended. Plaintiff testified at her deposition that it is her position that the fact that her assailant attempted to rape her established that the attack upon her was motivated by a feeling of animus or personal animosity.[1]

The issue which we must determine is whether a cause of action in negligence for failing to provide a safe workplace exists against an employer where injuries are sustained by an employee as a result of

---

1. It is interesting to note that plaintiff's original complaint contains no allegation that the attack was the result of personal animosity. Subsequent to the filing of the complaint, defendants filed preliminary objections in the nature of a demurrer, contending that workman's compensation was plaintiff's exclusive remedy. Defendants contended that since there was no allegation in plaintiff's complaint that the attack was the result of personal animosity as required by the cases interpreting section 411 of the act, workman's compensation remained plaintiff's exclusive remedy. In response to the preliminary objections, plaintiff filed an amended complaint which was essentially the same as the original complaint except that it included paragraph 6, which provides as follows:

"The injury to Judith Hershey resulted from the acts of an unidentified male which was personal to her and as a result of the personal animosity of her assailant and said actions did not result from the relationship of her employment."

an assault and attempted rape of the employee by an unidentified male while the employee is on the employer's property and while the employee is within the scope of her employment. After a thorough review of the applicable law, we concluded that plaintiff's exclusive remedy was under the Pennsylvania Workman's Compensation Act,[2] and that there was no common-law cause of action available to plaintiff. Accordingly, defendants' motion for summary judgment was granted.

Our courts have held that the Workman's Compensation Act provides the sole and exclusive remedy for employees to seek recovery for injuries sustained in the course of their employment. *Wagner v. Natural Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980); *Taynton v. Dersham,* 358 Pa. Super. 178, 516 A.2d 1241 (1986). Section 411 of that act carves out a specific exception to the exclusiveness of the act in the case of injuries intentionally inflicted by a third party. Section 411 provides in pertinent part as follows:

"The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment. . .."

Our appellate courts, in three recent decisions, have addressed the application of section 411 to assaults by third persons upon employees who at the time were acting within the scope of their employment. In each case, the court delineated the proof necessary to bring one within the exception provided by section 411.

In the case of *DiGregory v. Sacred Heart Hospital,* no. 685 Philadelphia 1985 (Pa. Super. mem. filed

---

2. 77 P.S. §1 et. seq.

July 22, 1988), a case out of this very court, the plaintiff was assaulted and raped by an unknown assailant in an elevator on defendant's property while within the scope of her employment for defendant as a mental health assistant. Plaintiff had had no prior knowledge of or relationship with her assailant. At trial, plaintiff presented expert testimony from a rape victimologist in support of her contention that the rape of plaintiff should be classified as a "power rape" and that her assailant had committed the assault for reasons personal to him. Plaintiff contended that this expert testimony was sufficient to bring her within the exception provided by section 411. The Superior Court rejected plaintiff's contention and directed that this court enter judgment n.o.v. in favor of defendant. In so doing, the court indicated that in order for plaintiff to establish a cause of action for negligence against her employer, plaintiff must establish that her injuries were caused by an assault or attack by a third person because of personal animosity against her which did not result from her status as an employee. Testimony from an expert in rape victimology concerning the motivation for the assault was not sufficient. The court concluded that absent testimony establishing a history of personal animus and hostility between the victim and her assailant, the victim's only remedy was workman's compensation. The court went on to state that if the assailant would have attacked any other woman in plaintiff's position, plaintiff could not recover for her employer's negligence in failing to provide a safe work place.

In the case of *Brooks v. Marriott Corporation,* 361 Pa. Super. 350, 522 A.2d 618 (1987), our Superior Court made the following statement concerning section 411:

"This exception to the coverage of the act applies to situations in which the third party's acts were motivated by a feeling of animus against the particular party injured. If the third party would have attacked a different person in the same position as the injured employee, that attack falls outside the exceptions and is covered exclusively by the act."

The *Brooks* court indicated that although the allegation in plaintiff's complaint that the victim was attacked for reasons personal to the attacker and not directed against the victim as an employee of defendant was sufficient to withstand preliminary objections, to prevail at trial, plaintiff would have to prove that the attack was not for reasons connected with her status as an employee and that the assailant had personal animus against her, which was the motivation for the attack.

In the case of *Holland v. Norristown State Hospital,* 136 Pa. Commw. 655, 584 A.2d 1056 (1990), a case which is indistinguishable from the instant case, our Commonwealth Court affirmed the trial court's granting of a motion for summary judgment on the ground that the Workman's Compensation Act precluded a civil action against the employer. In *Holland,* the plaintiff, a security attendant trainee-employee at Norristown State Hospital, was assaulted and raped during the course of her employment by a psychiatric patient. Plaintiff brought a civil action against the hospital alleging negligence. Plaintiff argued that she was not precluded from bringing a civil action because the sexual attack on her was for reasons personal to her attacker and was, therefore, excluded from the coverage of the act by section 411. The *Holland* court, in construing section 411, said that "our courts have consistently held that the employee must show that 'personal animosity' of the third party was the motive behind

the attack." The court went on to conclude that although plaintiff was attacked because she was a woman, the patient would have attacked any woman in that situation, and that plaintiff was attacked not because of the patient's personal animosity to her but because of her position as an employee at Norristown. The court concluded that plaintiff's remedy was limited to workman's compensation.

In the instant case, we have no history of personal animus. Plaintiff did not know her attacker and had had no prior contact with him. Obviously, plaintiff is not in a position to prove that the attack was motivated by personal animosity. In addition, plaintiff cannot rely upon the sexual nature of this assault to establish that the attack occurred for reasons personal to her assailant. Clearly, plaintiff's assailant would have attacked any woman who had been standing behind the desk when he entered defendants' establishment at 6 a.m. on April 9, 1987. Under these circumstances, we were compelled to conclude that plaintiff's exclusive remedy was workman's compensation. Accordingly, we entered the order granting defendants' motion for summary judgment.