# Delgado v. Department of Public Welfare

*Thomas C. Branca,* for plaintiff.
*Alton G. Grube,* for the Commonwealth.

SOKOLOVE, *J.,* September 26, 1991—Defendant, the Commonwealth of Pennsylvania, Department of Public Welfare, has filed a motion for judgment on the pleadings. The Commonwealth asserts that plaintiff's cause of action is barred by the doctrine of sovereign immunity. Upon consideration of the memoranda of law submitted by the parties and of the oral argument we heard, we are convinced that the Commonwealth is correct.

Judgment on the pleadings is appropriate under Pa.R.C.P. 1034 where the pleadings disclose that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Giddings v. Tartler,* 130 Pa. Commw. 175, 567 A.2d 766 (1989). Our inquiry into this matter is limited to the pleadings themselves, *Id.,* which, for purposes of this motion consist of plaintiff's com-

plaint, the Commonwealth's answer with new matter and the plaintiff's response to new matter.

The complaint alleged that plaintiff, who was a minor in the legal custody of the Montgomery County Office of Children and Youth Services, was a patient for treatment and evaluation at the Eastern State School and Hospital, which was owned and operated by the Commonwealth of Pennsylvania, Department of Public Welfare. On the evening of September 3, 1980, Anthony Parker, a 20-year-old former patient at the hospital, entered the hospital grounds, kidnapped plaintiff and took plaintiff to Philadelphia where he repeatedly assaulted and sexually violated plaintiff. The complaint claimed that the kidnapping was observed by at least three hospital staff members, who knew Parker but who did nothing to stop him and did not contact the police or notify their superiors of the incident until the next day. As a result, plaintiff suffered severe and permanent psychological injuries. The complaint specified the Commonwealth's negligence as follows:

"(8) The kidnapping, rape and assault upon minor plaintiff resulted from the wanton, reckless and grossly negligent actions of defendants named herein in that they:

"(a). Failed to stop Anthony Parker, a known dangerous person from coming onto the grounds after he had been discharged;

"(b) Failed to stop Anthony Parker from taking minor plaintiff off the grounds;

"(c) Failed to notify proper authorities of the kidnapping of minor plaintiff;

"(d) Failed to furnish suitable personnel to whom the safety of minor plaintiff was to be entrusted while a patient;

"(e) Failed to properly police the grounds;

"(f) Failed to provide adequate safety precautions and procedures for the protection of minor plaintiff."

The Commonwealth's answer denied the averments in the complaint, in particular denying that it owned, possessed or controlled the relevant area. In new matter, the Commonwealth, among other things, stated that plaintiff's cause of action was barred by sovereign immunity and that the Commonwealth was not responsible for the criminal act of another. Plaintiff denied these aspects of the new matter as conclusions of law.

The General Assembly of Pennsylvania has waived sovereign immunity with respect to Commonwealth agencies and employees in nine distinct areas "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S. §8522(a). The only two exceptions to immunity which conceivably could apply to the matter at hand are the real estate exception and the medical-professional liability exception, stated in the statute as:

"(a) *Acts which may impose liability*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: . . .

"(2) *Medical-professional liability*—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, nurse or related health care personnel. . . .

"(4) *Commonwealth real estate, highways and sidewalks*—A dangerous condition of Common-

wealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons. . . ." 42 Pa.C.S. §8522(b)(2), (4).

A "Commonwealth party" is defined by 42 Pa.C.S. §8501 as a "Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment."

Plaintiff apparently concedes the unavailability of the real estate exception, which, it has been held, applies only to those cases where it is alleged that an artificial condition or defect of the land itself, as opposed to negligent supervision or security of the property, causes the injury. *Mascaro v. Youth Study Center,* 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987); *Alexander v. Department of Public Welfare,* 137 Pa. Commw. 342, 586 A.2d 475 (1991).

Plaintiff insists, however, that the medical-professional liability exception provides the relief he seeks. It does not, for several reasons.

First, the recent Commonwealth Court case of *Alexander v. Department of Public Welfare,* 137 Pa. Commw. 342, 586 A.2d 475 (1991), held under similar factual circumstances that the medical-professional liability exception did not waive the Commonwealth's immunity from liability where causation stemmed from the intervening act of a third party. There, a mentally retarded person had been abducted by an unknown criminal from her room in a state residential facility operated by the Department of Public Welfare for profoundly retarded and disabled persons. The patient was found away from the facility the following morning, and it was discovered that she had been raped by her kidnapper. The patient and her parents brought suit

against the Department of Welfare, claiming that the negligence of the Commonwealth's health care employees in failing to protect the patient fell within the medical-professional liability exception to sovereign immunity and that the facility's inadequate security was a dangerous condition of the real estate within the real property exception. In upholding the trial court's entry of judgment on the pleadings, the Commonwealth Court rejected these contentions and confirmed the decision in *Moore v. Pennsylvania Department of Justice,* 114 Pa. Commw. 156, 538 A.2d 111 (1988), that the Commonwealth, under all the immunity exceptions, is immune from liability for harm caused by the criminal acts of a third party. The factual distinctions emphasized by plaintiff here do not dictate our deviation from the clear legal conclusions of *Alexander.*

Secondly, plaintiff's reliance upon *Allentown State Hospital v. Gill,* 88 Pa. Commw. 331, 488 A.2d 1211 (1985) (en banc opinion), *Yellen v. Philadelphia State Hospital,* 94 Pa. Commw. 576, 503 A.2d 1108 (1986), *Goryeb v. Department of Public Welfare,* 525 Pa. 70, 575 A.2d 545 (1990) and *Holland v. Norristown State Hospital,* 136 Pa. Commw. 655, 584 A.2d 1056 (1990) is misplaced.

The first three cases were brought by parties who had been injured by former state hospital patients who, it was alleged, had been negligently supervised and released by the hospitals. The *Holland* case was brought by a state hospital employee who, in the course of her employment, was assaulted and raped by a committed psychiatric patient.

As recognized by the court in *Moore v. Pennsylvania Department of Justice, supra,* the *Gill* decision, which was adopted and followed in *Yellen,* was based upon a traditional tort analysis. Because a cause is not superseding when it is a foreseeable or

normal incident of the risk created by the original actor's negligence, the hospitals were not absolved from liability for the assaults committed by dangerous patients who were improperly released into the community.* The criminal acts of the former patients were foreseeable and, thus, were intervening causes which did not break the chain of causation initiated by the negligent conduct of the hospitals.

In a similar fashion, the *Goryeb* and *Holland* courts explored the liability of state hospitals under the Mental Health Procedures Act, 50 P.S. §§7101-7503. The courts decided that a Commonwealth party which participates in a decision to examine, treat or discharge a mentally ill patient within the purview of the Mental Health Procedures Act may be liable to third parties where the decision constituted willful misconduct or gross negligence.

The common theme in all these cases, which is not present here, is that the Commonwealth party's liability hinged upon its negligence in rendering health care treatment or making a health care decision. These interpretations are appropriate. As an exception to the rule of sovereign immunity, the medical-professional liability waiver must be strictly construed and narrowly interpreted against the party asserting liability. *Holland, supra,* 136 Pa. Commw. 655, 584 A.2d at 1058; *Moore v. Pennsylvania Department of Justice, supra. See Mascaro v. Youth Study Center, supra.* Furthermore, the definition of Commonwealth party is restricted to an employee acting within the scope of his office or employment. The exception for medical-profes-

---

* We note that this reasoning seems to conflict with *Alexander, supra. Alexander* did not expressly overrule this line of cases, so we will discuss them.

sional liability cannot be expanded to acts of health care employees beyond the scope of health care duties.

Plaintiff's complaint does not allege negligence by a Commonwealth party within this construction of the medical-professional liability exception. The alleged misfeasance falls outside the ambit of treatment decisions concerning the plaintiff. Furthermore, although it is alleged that plaintiff's assailant was a former hospital patient, it is not alleged that the hospital was negligent in releasing him from care at some earlier time; which negligence caused the resulting harm to plaintiff. Nor can it be said that the hospital employees were engaged in health care treatment or made a health care decision when they failed to stop the assailant from entering onto the hospital grounds or removing plaintiff from the grounds. The assailant was not then their patient.

The facts alleged in the complaint do not state a cause of action for which the Commonwealth has waived sovereign immunity. The Commonwealth is entitled to the entry of judgment in its favor.

We enter the following

ORDER

And now, September 26, 1991, upon consideration of the motion for judgment on the pleadings of defendant Commonwealth, Department of Public Welfare, upon review of the memoranda of law and after oral argument, it is hereby ordered and decreed that the motion is granted. Judgment is entered with prejudice in favor of Commonwealth, Department of Public Welfare and against plaintiff.