# Dashner v. Hamburg Center of the
# Department of Public Welfare

C.P. of Berks County, no. 00-11202.

*Jay N. Abramowitch,* for plaintiffs.
*John W. Stahl,* for defendant.

SCHMEHL, J.L., *J.*, July 7, 2003—John W. Dashner Jr. and Michael A. Moatz are two mentally retarded men and both were residents of the Hamburg Center, a residential care facility operated by the Pennsylvania Department of Public Welfare. Craig Muthersbaugh was employed as an attendant at the Hamburg Center. Between August 1, 1999 and the spring of 2000, Craig Muthersbaugh took advantage of his position by sexually assaulting John W. Dashner Jr. and Michael A. Moatz. On October 30, 2000, in accordance with a plea agreement, Craig Muthersbaugh pleaded guilty to indecent assault and indecent exposure and was sentenced by the Honorable Linda K.M. Ludgate to a six-year term of probation with no jail time.[1] During the guilty plea collo-

---

1. See *Commonwealth v. Muthersbaugh*, Berks County criminal docket no. 4245 of 2000.

quy, Craig Muthersbaugh specifically admitted the following facts as stated by the assistant district attorney:

"Ms. West: On or around August 1 of 1999, the defendant had John Dashner, a 29-year-old mentally handicapped adult, touch his penis twice; after the defendant pulled it out of his pants, the defendant placed his penis in Dashner's mouth.

"Also, while giving a bath to Michael Moatz, a 30-year-old mentally handicapped adult, the defendant had Michael Moatz touch his penis twice; the defendant touched Mr. Moatz' penis and he showed Mr. Moatz his underwear and penis and he rubbed Moatz' buttocks with his penis." (N.T. 10/30/2000 p. 4.)

On November 9, 2000, John W. Dashner Jr. and Michael A. Moatz and their parents filed a complaint, alleging, inter alia, that the Hamburg Center negligently hired Muthersbaugh, negligently supervised Muthersbaugh, and failed to provide a safe treatment facility. The plaintiffs' complaint also contains allegations of vicarious liability and corporate negligence.

On November 7, 2002, the Commonwealth filed a motion for summary judgment. On April 21, 2003, after argument held, this court entered an order, granting the Commonwealth's motion for summary judgment with respect to all counts concerning vicarious liability and corporate negligence. However, the court did not dismiss the first four counts of the plaintiffs' complaint. This court's order stayed all proceedings pending defendant's petition for permission to appeal to the Commonwealth Court of Pennsylvania.

On June 6, 2003, the Commonwealth Court granted the Commonwealth's petition for interlocutory appeal. This court then requested and received a concise statement of matters complained of on appeal. The Commonwealth asserts that the court erred in denying the Commonwealth's motion for summary judgment because:

"(1) All of the alleged duties and negligent acts set forth in paragraphs 32(a) through 32(j), 36, 40 and 44(a) through 44(e) of the complaint are institutional duties and acts falling within the "doctrine of corporate liability" categories set forth in *Moser v. Heistand,* 545 Pa. 554, 558, 681 A.2d 1322, 1324 (1996), as follows: [omitted].

"(2) Plaintiffs, who would have the burden at trial, failed to produce evidence of facts essential to the cause of action which would require submission to a jury as follows:

"(i) The evidence established that the Hamburg Center performed a background investigation which included contacting references and prior employers and obtaining a criminal history record information check. Plaintiffs produced no evidence of dangerous or violent propensities;

"(ii) The evidence established that the Hamburg Center placed Muthersbaugh on probation for six months, required hours of training and conducted annual performance evaluations. Plaintiffs produced no conflicting evidence;

"(iii) In this medical/professional liability claim, plaintiffs produced no expert reports setting forth the stan-

dards of care and opining that there was a variance from the standards to a degree which establishes gross negligence or incompetence as required under 50 P.S. §4603. Plaintiffs did provide the report of Susan E. Kraus Ph.D. in their answer to the motion for summary judgment. However, as was noted at oral argument, the report mentions no specific policies nor any specific recommendations. It does not set forth standards of care nor opine that any alleged variance was gross negligence or incompetence. The applicable statute, 50 P.S. §4603, was cited to this honorable court."

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, and for the following reasons, this court asks that the instant appeal be denied.

## THE DEFENDANT'S ALLEGED ACTS AND/OR OMISSIONS ARE NOT SHIELDED BY THE DOCTRINE OF SOVEREIGN IMMUNITY

Sovereign immunity in Pennsylvania arose by the end of the eighteenth century because the state had accumulated large debts resulting from the War of Independence. Pennsylvania chose to invoke the doctrine of sovereign immunity in order to avoid financial disaster. Although the doctrine was abolished by the Supreme Court in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), on the rationale that modern all-pervasive government should be held responsible for its tortious conduct, the legislature re-established sovereign immunity in 1978.

The test to determine if the Commonwealth is protected from liability by the state's sovereign immunity is

to consider whether an employee was acting within the scope of employment, whether the alleged act which causes injury was negligent and damages would be recoverable but for availability of immunity defense, and whether the act fits within statutory exceptions to sovereign immunity. *La Frankie v. Miklich,* 152 Pa. Commw, 163, 618 A.2d 1145 (1992).

There are nine exceptions to sovereign immunity under 42 Pa.C.S. §8522: (1) vehicle liability; (2) medical professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody and control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.

The plaintiffs claim that the acts of the Hamburg Center fall under the medical-professional liability exception, which provides:

*"(2) Medical-professional liability.*—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 Pa.C.S. §8522(b)(2).

In its motion for summary judgment, the Commonwealth argued that the Hamburg Center and Muthersbaugh are not "health care employees" as defined in the exception. In *Alexander v. DPW,* 137 Pa. Commw. 342, 586 A.2d 475 (1991), the Commonwealth Court stated that the medical-professional waiver is expressly limited to "[a]cts of health care employees." The court also stated that exceptions to the rule of immunity must be

"narrowly interpreted." *Alexander,* 137 Pa. Commw. at 348, 586 A.2d at 478, citing *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). The Commonwealth Court further held that sovereign immunity was not waived on the basis of medical-professional liability exception where there was an abduction and rape of a patient from the Department of Public Welfare-operated state residential facility for profoundly retarded and disabled persons and that the physical characteristics of building did not cause abduction and rape, but rather the intervening act of an unknown criminal caused the rape. *Id.*

Conversely, there are at least two cases that stand for the proposition that the term "health care employee" can mean a "mental health employee or entity." For instance, in *Goryeb v. DPW,* 525 Pa. 70, 575 A.2d 545 (1990), the Pennsylvania Supreme Court held that the Commonwealth does not enjoy sovereign immunity when a man is discharged from a section 302(a) commitment and then goes on a shooting rampage. Specifically, the court held that since the Commonwealth participated in the decision to treat and discharge him, it could be held liable under the Mental Health Procedures Act. The Supreme Court came to this decision by reading section 114 of the MHPA in conjunction with section 8522(b)(2). See also, *Holland v. Norristown State Hospital,* 136 Pa. Commw. 655, 584 A.2d 1056 (1990) (sovereign immunity waived where state employee was assaulted and raped during course of her employment by psychiatric patient). Clearly, the doctor and facility that discharged him were providing mental health care.

Based on these two cases, this court disagreed with the Commonwealth that the Hamburg Center and Muthersbaugh are not "health care employees" as defined in the exceptions to sovereign immunity. Since the court felt there was no immunity that applied to the individuals who hired and supervised Muthersbaugh, the court felt that however weak the allegations were, that it was still for a jury to decide whether or not they "negligently" hired or supervised him. Despite that ruling, this court still dismissed all counts of the complaint concerning vicarious liability since a claim for vicarious liability cannot stand where a servant's intentional torts are actuated by personal motives only and are not in furtherance of the interests of his employer. See *e.g., Ira S. Bushey & Sons v. United States,* 398 F.2d 167, 170 (2d Cir. 1968).

## THE COMMONWEALTH'S RELIANCE ON *MOSER v. HEISTAND* IS MISPLACED

In *Moser v. Heistand,* 545 Pa. 554, 681 A.2d 1322 (1996), a plaintiff sought medical treatment from Ashland State Hospital for a fractured right lower leg and ankle. The plaintiff had two surgeries performed at this state hospital for these injuries. After her last surgery, the plaintiff continued to experience pain in her right leg and had difficulty walking. A subsequent doctor diagnosed that she was suffering from a nonunion of the fibular fracture of the right leg and a nonunion of the lateral malleolus. The plaintiff and her husband filed a complaint for negligent treatment against her doctor, Ashland State Hospital and the Department of Public Welfare on a theory of corporate liability. *Moser* at 556-57, 681 A.2d at 1324.

The trial court sustained the Commonwealth's parties' preliminary objections on the grounds of sovereign immunity and dismissed the complaint. The Commonwealth Court affirmed the trial court's dismissal. The Supreme Court of Pennsylvania affirmed the order of the Commonwealth Court on different grounds. The court held that a plaintiff may not bring an action in corporate negligence against a Commonwealth medical facility. *Id.* at 562, 681 A.2d at 1326.

Under the doctrine of corporate negligence, a hospital's duties include reasonable care and maintenance of safe and adequate facilities and equipment, selecting and retaining only competent physicians, overseeing all persons who practice medicine within hospital walls as to patient care, and formulating, adopting and enforcing adequate rules and policies to ensure quality care for patients. *Id.* at 558, 681 A.2d at 1324-25. The Supreme Court, however, made clear that "[w]hile Commonwealth medical facilities are not immune from suit based on the negligence of their health care employees (respondeat superior), 42 Pa.C.S. §8522(b)(2) does not provide for a waiver of immunity for the facilities themselves." *Id.* at 561, 681 A.2d at 1326.

In the instant case, the court dismissed the plaintiffs' corporate negligence counts. The defendant presently argues that the remaining counts that the court did not dismiss constitute corporate negligence as outlined in *Moser, supra.* This court disagrees.

The specific acts that the plaintiffs have alleged against the Hamburg Center are contained in paragraph 32 of the plaintiffs' complaint:

(a) Failing to conduct adequate background checks and/or evaluations on its employees such as Craig Muthersbaugh;

(b) Failing to adequately investigate the qualifications of Craig Muthersbaugh prior to his hiring and/or thereafter;

. (c) Failing to warn plaintiff about the violent and dangerous propensities of Craig Muthersbaugh when it knew or should have known of said propensities;

(d) Failing to place plaintiffs' dependents in a place where they would be free from the abuse of Craig Muthersbaugh;

(e) Failing to enact and/or enforce proper and adequate procedures which would have prevented Craig Muthersbaugh's abuse of plaintiffs' dependents;

(f) Failing to adequately address and investigate the improper relationships between plaintiffs' dependents and Craig Muthersbaugh when its supervisors and/or other employees knew or should have known of said improper relationships;

(g) In allowing one of its employees, Craig Muthersbaugh, to abuse his position and trust by initiating and/or conducting an improper relationship with plaintiffs' dependents on the premises of the Hamburg Center;

(h) In disregarding the welfare of plaintiffs' dependents as their patients after the initiation of the improper relationship that Craig Mutherbaugh initiated when they knew or should have known of said relationship.

(i) In failing to take all necessary steps to separate plaintiff dependents and Craig Muthersbaugh after they

knew or should have known of the improper relationship.

These alleged acts or omissions of the Hamburg Center go well beyond the theory of corporate liability, as outlined in *Moser, supra*. The alleged acts or omissions are not those of Muthersbaugh or even a doctor, but of the employees of the Commonwealth who are not immune. Accordingly, this court did not err in denying the defendant's motion for summary judgment.

## THE DEFENDANT'S CLAIM THAT THE PLAINTIFFS FAILED TO PRODUCE ACTS ESSENTIAL TO THE CAUSE OF ACTION IS IMPROPERLY BEFORE THE COURT

In its brief in support of the motion for summary judgment, the Commonwealth presented the following two questions to the court:

"Is the Hamburg Center immune from liability to plaintiffs for the acts of abuse committed by Muthersbaugh?

"Is the Hamburg Center immune from liability to plaintiffs for its alleged institutional, administrative negligence?"

"There can be no doubt that [pursuant to the provisions of Rule 302] issues not raised in the lower court are waived and cannot be raised for the first time on appeal." *Truesdale by Truesdale v. Albert Einstein Medical Center*, 767 A.2d 1060, 1063 (Pa. Super. 2001) (quoting *Commonwealth, Liquor Control Board v. Willow Grove Veterans Home Association Inc.*, 97 Pa. Commw. 391, 397, 509 A.2d 958, 961 (1986)).

This court agreed to certify this case for appeal only with regard to questions concerning sovereign immunity and related issues, not for a general claim that the plaintiffs have failed to produce evidence to support their cause of action. Nevertheless, this court has reviewed the plaintiffs' evidence and believes that they have produced sufficient evidence to withstand a challenge by way of the Commonwealth's motion for summary judgment. If sovereign immunity does not end this case, then it is for a jury to decide. Accordingly, the instant appeal should be denied.

